**YOUNG et al. v. BRUHN.**

No. 12316.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 19, 1951.

Petsch & Petsch, and Herman Usener, all of Fredericksburg, for appellant.

Wieser & Wieser, and Victor B. Rogers, all of Fredericksburg, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Hulda Bruhn, an adult feme sole, against Homer Young, Chas. L. Young, and Glen Young, individually and as independent executor of the estate of J. D. Young, deceased, in the form of a trespass to try title suit, seeking to recover the title and possession of a certain 118 acres of land, a part of Survey No. 217, patented to the president and trustees of the Ruterville College by Patent No. 441, Vol. 7, dated May 15, 1948, and being fully described in plaintiff's first amended original petition by metes and bounds. The suit was also for certain personal property and for damages.

The trial was to a jury and, based upon the jury's answers to the special issues submitted, judgment was rendered for plaintiff giving her title and possession of the 118 acres, damages in the sum of $240, and further directing the clerk to pay over to plaintiff the sum of $126.05 paid into the registry of the court by defendants.

From this judgment Homer Young, Chas. L. Young and Glen Young have prosecuted this appeal.

Appellee's claim to the 118 acres was based upon a provision in the will of J. D. Young, deceased, reading as follows: "2. * * * I also give, devise and bequeath unto the said Hulda Bruhn the use, occupancy, income and enjoyment of that 118 acres of land in Gillespie County, Texas, on which my present homestead is located, together with all the fixtures, household and kitchen furniture in the residence, so long as she remains unmarried, and if remaining unmarried then until her death; upon the death of the said Hulda Bruhn, or upon her marriage, the title to the aforesaid 118 acres of land, together with all improvements thereon and all fixtures, household and kitchen furniture shall vest in my son Homer Young."

It is apparent that the 118 acres of land upon which J. D. Young, deceased, had his homestead cannot be located on the ground without the aid or parol evidence. For this purpose appellee offered in evidence certain declarations of the testator made to her with reference to the location on the ground of the 118 acres. J. D. Young's homestead at the time of his death and at the time of making the will was located upon a ranch in Gillespie County, consisting of more than 600 acres of land. There was a body of land surrounding his home which was fenced, containing 76 acres. All of the land lying outside of this 76 acres was used in the same way and manner as was the rest of the ranch, which was in the raising of livestock. There was an abandoned field, consisting of some 27 acres, near the home, and with this possible exception and the 76 acres under fence, there was nothing to indicate just what 118 acres of land was to go to appellee. In an attempt to show the exact location of the homestead tract, appellee testified to certain statements made by the deceased to her as to its location. While the suit was pending the district judge issued some kind of order to the county surveyor, B. L. Enderly, directing him to make a survey of the land involved. Enderly was permitted to testify as to what appellee told him with reference to the location of the 118 acres. However, the trial judge limited this testimony in his charge and instructed the jury not to consider it as evidence as to the location of the 118 acre homestead tract.

■ Appellants' first point is that the court erred in permitting appellee to testify to the claimed oral statements of the testator to plaintiff, indicating the boundaries of and identifying the 118 acre tract devised to her. We are aware of the rule that permits introduction of parol evidence to show the location of property devised by testator. 57 Am.Jur. p. 682, Wills, § 1051; 44 Texas Jurisprudence, p. 758. However, such testimony must be otherwise admissible, and this being a suit against the executor of the estate of J. D. Young, in which judgment might be rendered against him as such, statements alleged to have been made by the testator to appellee are not admissible under the provisions of Article 3716, Vernon's Ann.Civ.Stats. The trial court erred in admitting this testimony. Eastland v. Basey, Tex.Civ.App., 196 S.W.2d 336, and authorities there cited.

Even if the testimony had been admissible it was insufficient to definitely locate the 118 acres on the ground. Appellee did testify that the testator told her that the southeast corner of his homestead tract was approximately 150 varas east of the Young Chapel Cemetery. The surveyor did not locate the southeast corner of the tract 150 varas east of this cemetery, because he said it would have included more than 118 acres. He located it about 135 varas east of the cemetery. Appellee did not testify as to the location of any other corner, nor did she testify to any courses or distances that had been told to her by the testator. The most that can be said for the survey which B. L. Enderly made was that it reflected the 118 acres which appellee was claiming under the will.

■ The 118 acres which appellee was to receive was in fact undivided from the remaining part of the J. D. Young ranch. The remainder of the ranch apparently was to go to the other devisees of J. D. Young, deceased. The description of the

118 acres which appellee was to receive not being certain and definite as to location, she was not entitled to simply go out and designate the 118 acres which she desired and sue for same in a trespass to try title suit, but it could only be set aside to her in a partition suit in which the rights of all the owners of the other undivided interest could be considered. It is clear from the evidence that appellee is entitled to the residence of the testator and to other improvements nearby, including the pens, and, in fact, she would be entitled to the entire 76 acres surrounding the house, which had been set apart by a fence from the rest of the ranch, but as to the location of the remaining 42 acres she could only have that decided in a partition suit.

■ Even if it be conceded that appellee was entitled to claim the abandoned field consisting of some 27 acres, this would still leave remaining 15 acres to be set aside to her in some equitable manner in a partition suit. The finding of the jury that the 118 acres as surveyed by B. L. Enderly was the tract of 118 acres identified and claimed by J. D. Young as the 118 acres of land upon which his homestead was situated, is not supported by sufficient evidence to become the basis of a judgment awarding this particular 118 acres to appellee.

■ The judgment awards to appellee the sum of $240 as damages resulting from the erection of a deer-proof fence upon a part of the 118 acres which she claimed. It is apparent that appellee is in no position to recover damages to the 118 acres if she is unable to establish her right to the specific 118 acres for which she sues, and for this reason the judgment as to the $240 damages must be reversed. The judgment further recites that the appellants have tendered into the registry of the court the sum of $126.05 for the benefit of the appellee, and the clerk is directed to pay said sum to the appellee herein. Apparently this sum is in no way connected with the suit for the 118 acres, and accordingly this part of the judgment is affirmed. The judgment of the trial court will be reversed and the cause remanded for a new trial insofar as it awards to appellee the 118 acres surveyed by B. L. Enderly and damages in the sum of $240. That part of the judgment which directs the clerk to pay over $126.05 to the appellee will be affirmed. The costs of this appeal as well as the costs of the trial court are adjudged against appellee.

Reversed and remanded in part and affirmed in part.