## YOUNG et al.  v.  BRUHN.

### No. 10178.

Court of Civil Appeals of Texas.

Austin.

Dec. 16, 1953.

Herman Usener, Petsch & Petsch, Fredericksburg, for appellants.

Victor B. Rogers, Fredericksburg, for appellee.

ARCHER, Chief Justice.

This is a suit in the nature of trespass to try title instituted by appellee against appellants to recover the title and possession, or in the alternative to have set aside to her 118 acres of land.

J. D. Young, deceased, bequeathed to appellee the land sued for in the following language:

"I also give * * * unto the said Hulda Bruhn, the use, occupancy income and enjoyment of that 118 acres of land in Gillespie County, Texas, on which my present homestead is located * * * as long as she remains unmarried, and if remaining unmarried then until her death; upon the death of the said Hulda Bruhn, or upon her marriage, the title to the aforesaid 118 acres of land together with all the improvements thereon and all fixtures household and kitchen furniture shall vest in my son, Homer Young."

Subsequent to the probate of Mr. Young's will some controversy arose as to the effectiveness of the quoted provision and as to the location of the land.

Trial was had to the court and judgment was entered awarding appellee 118 acres of land, and commissioners were appointed with instructions to take the land from a larger tract given to Homer Young in the will, and to whom was bequeathed the remainder in the 118 acre tract.

This is the second trial of this cause of action on an appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District. That Court reversed and remanded the case in part and affirmed it in part in an opinion in Young v. Bruhn, Tex. Civ.App., 242 S.W.2d 667, 669, and the facts were discussed and the law announced, and that Court held:

"It is clear from the evidence that appellee is entitled to the residence of the testator and to other improvements nearby, including the pens, and in fact, she would be entitled to the entire 76 acres surrounding the house, which had been set apart by a fence from the rest of the ranch, but as to the location of the remaining 42 acres she could only have that decided in a partition suit."

The judgment in the present suit awarded the appellee the use, occupancy, income and enjoyment of the residence and outbuildings, barns, etc., together with a total of 118 acres of land in connection therewith, and that the same being in the nature of an undivided interest in the J. D. Young ranch lands, and provided that the 118 acres should be taken from the tract set apart to Homer Young in a partition agreement; and appointed three commissioners to make a fair, equal and impartial partition, and to include the residence, etc., and provided that the 118 acres to be set apart to appellee was to include the residence, outbuildings, etc. and the 76 acre tract, and sufficient additional land to make 118 acres of land.

The Court made extensive findings of fact and concluded as a matter of law that the appellee was entitled to the use, etc. of 118 acres out of the J. D. Young land, which was an undivided interest, and that she was entitled to partition, and that the land awarded appellee include the residence, etc. and the 76 acre tract, and the balance be taken from the lands set apart to Homer Young.

Appellants assign as error the action of the Court in decreeing that the 118 acres awarded to appellee be taken from lands bequeathed to Homer Young, and that the 118-acre tract being impossible to locate, the bequest became a nullity and that the judgment is without support and does not support an order appointing commissioners to partition the 118 acres from a larger tract.

We believe the opinion of the Court of Civil Appeals, supra, correctly disposed of the subject matter and that the judgment of the trial court is in accordance therewith, and overrule appellants' assignments.

The judgment of the trial court is affirmed.