### EASTLAND et al. v. BASEY et al.
### No. 9576.

Court of Civil Appeals of Texas. Austin.
July 17, 1946.

Motion for Rehearing Withdrawn on
Aug. 31, 1946.

J. Carroll McConnell, of Fort Worth, for appellants.

Emmett Shelton, of Austin, and Tom G. Oliver, Jr., of San Marcos, for appellees.

BAUGH, Justice.

James G. Eastland, Sr., for himself and as next friend of his minor son James G. Eastland, Jr., sued Robert L. Basey and numerous named heirs of Ella Lee Smith, deceased, in trespass to try title to 277 acres of land in Hays County; and to recover rents, the value of 80 head of goats, household goods, etc. Basey answered individually and as executor of the estate of Ella Lee Smith, alleging that he had been duly appointed independent executor of the estate of Ella Lee Smith under her will which had been duly probated; that said estate still owed debts which were unpaid and that such administration was still pending.

The only title claimed by the appellants was that in 1931 Ella Lee Smith had made a parol gift of the lands to James G. Eastland, Sr., and of the goats to his minor son, then only about 4 years of age; and that pursuant to such parol gift he had taken possession of said premises and made valuable improvements thereon in good faith, in the presence of and with the full knowledge, consent and approval of the donor, who lived with him.

Trial was to a jury, but at the close of plaintiffs' evidence the trial court instructed a verdict for the defendants and rendered judgment accordingly; hence this appeal.

Three questions are presented: 1. Whether there was sufficient evidence to go to the jury, under the burden of proof imposed upon a claimant of lands under a parol gift of land. 2. Whether James G. Eastland, Sr., who was not an heir of Ella Lee Smith, deceased, was barred by Art. 3716, R.C.S., from testifying as to transactions with the deceased. And 3. As to facts and circumstances which did not constitute transactions with deceased. Appellants also complain of the failure of the trial court to sustain special exceptions to appellees' answer; but this latter point has not been briefed and will be treated as abandoned.

We have concluded that the trial court erred in instructing a verdict; that the testimony of appellant as to transactions with the deceased came within the purview of Art. 3716; and that his proffered testimony, as shown by bills of exception, failed to show any facts which did not constitute transactions with the deceased.

■ The law is now settled as to the facts essential to establish a parol gift of land so as to remove it from the operation of the statute of frauds. It must be established that there was "(1) a present gift; (2) possession under the gift, taken and held by the donee with the consent of the donor; and (3) permanent and valuable improvements made on the premises by the donee, * * * with the consent or knowledge of the donor." Davis v. Douglas, Tex.Com. App., 15 S.W.2d 232, 233. See also Turner v. Rogers, Tex.Civ.App., 106 S.W.2d 1078; Nichols v. Nichols, Tex.Civ.App., 170 S.W. 2d 558; 21 Tex.Jur., § 16, p. 36. Where the parol gift is asserted after the death of the donor, proof of all of the essential elements must be clear and satisfactory. But whether the testimony meets such requirement in a particular case as to any or all of such requirements is a fact issue for the court or jury to determine from a preponderance of the evidence. See Barrett v. Calloway, Tex. Civ.App., 66 S.W.2d 367, and numerous cases therein cited; Martin v. Martin, Tex. Civ.App., 207 S.W. 188.

■ And where, as here, the trial court instructs a verdict, in testing the sufficiency of the evidence to go to the jury, the well recognized rule prevails that only the evidence favorable to the complaining party need be considered; and that to the contrary disregarded, unless such evidence contra be undisputed and conclusive as a matter of law.

There was evidence to show appellant was a grandnephew of deceased's former husband, Robert E. Lee, who died about 1924. That they had reared him since he was a small child and deceased was very much attached to him. Subsequent to Ella Lee Smith's remarriage, appellant who had reached maturity left such former home. Upon the death of her second husband in 1930 or 1931, appellant at her request returned to the property here involved where he, his family and Ella Lee Smith lived together for about five years. Several witnesses testified as to repeated statements of Ella Lee Smith during that period of occupancy that she had given the property to appellant, and that she could not and would not sell it for that reason. These statements, according to witnesses, were reiterated by Ella Lee Smith on numerous occasions after 1931, some only a few months before she died in 1944. There was testimony also to the effect that appellant and his children, after they left the place in 1936, made numerous visits with Ella Lee Smith; that appellant sent her money and presents on occasion; and that during her last sickness she made several requests that appellant be notified and indicated her desire to see him.

After appellant moved on the property in 1931 and during his five-year occupancy of it, he tilled the farm; cared for the live stock; hauled many loads of rock from the

field; repaired and rebuilt fences; continuously improved it; moved and rebuilt the barn, paying for some of the labor and furnishing some additional lumber; cut posts and built a new corral around the barn; removed a partition in the residence so as to enlarge the living room; changed or put in new doors and windows; ceiled the kitchen; re-roofed a portion of the house; built some new fences on the premises; and grubbed out growth on portions of the farm. All of this was done while Ella Lee Smith lived with him on the place. Appellant alleged that said improvements were of the value of $700; but proof as to the monetary value thereof was entirely lacking.

■ Disregarding all evidence to the contrary we think the foregoing evidence was such that the jury could have found that the deceased did give the property to appellant, and that he accepted it by moving upon it in 1931; that his labor, conduct, expenditures, and improvements were clearly made with the knowledge and consent of the donor, who lived there with him; that they were consistent with and evidenced a claim of ownership by the appellant, and were made upon the faith of, and in reliance upon, such gift; and that such improvements were permanent and valuable within contemplation of law.

■■ It is asserted by appellant in his brief, though the record does not affirmatively so show, that the trial court's instruction was based upon the failure of appellant to prove the value of such improvements. Appellant did seek in the alternative to recover the value of such improvements. In order to have so recovered, he would, of course, have been required to prove the amount of his damages. But proof of monetary value is not essential to meet the requirements of the rule that such improvements be permanent and valuable. They must be substantial and of such character as to materially add to the value of the property; but whether they are, is like other essential elements of such a gift, a fact issue. 21 Tex.Jur., § 18, p. 38. It also appears settled that no standard of minimum value can be set. In Davis v. Douglas, supra, the Supreme Court held that improvements of the value of $30 sufficed. See also Nichols v. Nichols, Tex.Civ.App., 170 S.W.2d 560, wherein it is stated that they must be substantial "but there is no fixed criterion or minimum value as a matter of law." In Johnson v. Perkins, Tex.Civ.App., 140 S.W.2d 282, the court held improvements on said property of almost identical character, nature and extent as those made by appellant on the property here involved were sufficient to meet the requirements of the rule. The jury could, therefore, have concluded that such improvements, though their monetary value was not shown, were, under the decisions, both permanent and substantial.

■ We find no error in the trial court's exclusion of the testimony of appellant as to transactions with the deceased. It was immaterial that appellant was not an heir. If, as alleged, and not denied under oath, the deceased left a will appointing appellee as independent executor; that will had been offered for probate and administration of her estate was still pending, he was clearly a proper party to this suit as such executor and intervened herein as such party in that capacity. This was in consequence the character of action contemplated by Art. 3716, and any recovery by appellant on the title asserted by him was clearly grounded on transactions with the deceased as construed in the adjudicated cases. See Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; International Travelers Ass'n v. Bettis, 120 Tex. 67, 35 S.W.2d 1040; Graves v. Moon, Tex.Civ. App., 92 S.W.2d 290. Such testimony might have been admissible against appellee individually; but not against him in his representative capacity. Since the cause of action against him necessarily involved him in both capacities it was indivisible. Consequently it was properly excluded.

■ Appellant contends, however, that testimony by him as to facts which did not constitute transactions with the deceased was admissible. If such contention be conceded to be correct as a sound principle of law (which we do not find necessary to determine here), it does not apply to the testimony shown by appellants' bill. All of the elements essential to sustain as valid a parol gift of land are interrelated and

inseparable. All must concur to sustain it. Under Art. 3716, therefore as interpreted by numerous decisions, not only the parol gift, on which possession and valuable improvements are predicated, would constitute a transaction with the deceased; but likewise testimony as to such possession, consent of the donor, and improvements in reliance on such transaction, would likewise be inseparable from the asserted gift and constitute an integral part of the same transaction. Consequently, testimony as to such subsequent essential elements of the original transaction would be barred by the statute.

An examination of the proffered testimony of appellant discloses that all of it related to some essential phase of the asserted parol gift of said lands. It was therefore all properly excluded.

Without discussion of the asserted gift of the goats in 1931 to the four-year-old son of appellant; suffice it to say that the proof was we, think wholly inadequate to raise such issue. Since, however, the cause is being reversed generally, appellant will not be precluded from again presenting this phase of his suit upon another trial.

For the reasons stated the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.