ANARKALI ENTERPRISES, INC. and
Barkat Ali, Appellants,

v.

RIVERSIDE DRIVE ENTERPRISES,
INC., Appellee.

No. 2–90–081–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 5, 1990.

Rehearing Overruled Jan. 9, 1991.

McDonald, Sanders, Ginsburg, Newkirk, Gibson & Webb and William L. Latham and Mark B. French, Fort Worth, for appellants.

Cantey & Hanger and Michael D. Moore and Sloan B. Blair, Fort Worth, for appellee.

Before JOE SPURLOCK II, LATTIMORE and DAY, JJ.

## OPINION

DAY, Justice.

Tenant, Anarkali Enterprises, Inc. and Barkat Ali, appeals from the judgment of the county court which: (1) awarded possession of premises it had formerly occupied as a convenience store to its landlord, Riverside Drive Enterprises, Inc.; (2) denied its counterclaim for damages for landlord's breach of lease; and (3) awarded attorney's fees to landlord.

We affirm.

The premises had been leased to tenant's predecessor under a five year written lease with a primary term which ended on May 31, 1988. In 1984, tenant obtained an assignment of the lease and succeeded to the rights of the original tenant. The written lease provided: (1) an option for tenant to renew the lease for an additional five-year term; and (2) landlord with an option to terminate the lease in the event of fire damage that could not be repaired within 120 days.

Tenant continued to occupy the premises after the expiration of the original term and continued paying landlord the monthly rental. On August 22, 1989, the premises sustained substantial fire damage. After the fire the landlord notified tenant to vacate on or before November 15, 1989. Tenant refused to vacate and landlord filed a forcible detainer suit in the justice of the peace court. The justice court's judgment adverse to landlord was appealed to the county court.

Tenant's counterclaim sought damages for landlord's breach of the lease alleging that: (1) tenant had exercised its option to extend the lease for an additional five-year term; and (2) landlord wrongfully terminated the lease after the fire since the premises could have been repaired within 120 days. Landlord contended that: (1) tenant did not exercise the option to extend the lease and had become a month-to-month tenant subject to eviction upon proper notice; or (2) if the lease had been extended that landlord had the option to terminate the lease after the fire since the premises could not be repaired within 120 days.

The evidence before the county court on both the issue of whether tenant had exercised its option to extend the lease and whether the fire damage could be repaired within 120 days was in sharp conflict. The county court resolved both issues against tenant, denied tenant's counterclaim for damages and entered judgment awarding possession to landlord and assessed attorney's fees against tenant.

Landlord urges that we dismiss this appeal since this court lacks jurisdiction to consider the appeal under the provisions of the Texas Property Code, section 24.007:

> A final judgment of a county court in a ... forcible detainer suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only.

TEX.PROP.CODE ANN. sec. 24.007 (Vernon Supp.1990). Both parties agree that the above language bars an appeal from the county court's finding on the issue of possession but tenant argues that it is appealing *only* from the judgment denying its counterclaim for landlord's breach of the lease. Landlord argues that tenant's right of recovery on its counterclaim is wholly dependent upon tenant's right of possession which was denied by the county court.

Landlord urges that the county court must have necessarily found from the evidence that either: (1) the lease had not been extended, in which event landlord was entitled to terminate it as a month-to-month tenancy; or (2) if the lease had been extended the fire damage could not have been repaired within 120 days, entitling landlord to terminate the lease.

 The purpose of a forcible detainer action is to resolve who has the right to immediate possession of the premises. *Haginas v. Malbis Memorial Found.,* 163 Tex. 274, 354 S.W.2d 368, 371 (1962). It is cumulative of other remedies, rather than exclusive. *Holcombe v. Lorino,* 124 Tex. 446, 79 S.W.2d 307, 309 (1935).

*Johnson v. Highland Hills Drive Apartments,* 552 S.W.2d 493, 495–96 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.) held

that a judgment of possession in a forcible detainer suit is not intended to be a final determination of whether the eviction is wrongful or not; rather it is a final determination only with respect to the right of immediate possession which determination by a county court is not appealable. The Johnson court wrote: "the judgment of possession in a detainer suit does not determine the ultimate rights of the parties with respect to any other issue in controversy regardless of whether this other issue results in a change of possession of the premises." *Id.* at 496.

■ We read *Johnson* to hold that a tenant who had been deprived of possession by a non-appealable judgment of the county court in a forcible detainer action is not estopped from seeking recovery for wrongful termination of his lease in a subsequent suit. In the instant case it is clear that tenant would not have been foreclosed from filing a subsequent suit for wrongful termination of the lease despite the non-appealable finding of possession by the county court. However, by filing a counterclaim in the county court seeking damages for wrongful termination of the lease, tenant submitted the entire controversy between the parties to the jurisdiction of the county court.

We hold that despite the apparent inconsistency between the landlord's right of possession (found by the county court in a nonappealable finding) and the tenant's claim for damages for wrongful breach of lease, tenant's claimed errors are properly before us.

In its first four points of error, tenant contends that the county court erred in denying its damage counterclaim for breach of lease because: (1) the great weight of the evidence demonstrated that the lease was breached by landlord and the breach was established as a matter of law; and (2) the great weight of the evidence demonstrated that tenant sustained actual damages by reason of landlord's breach and the damages were established as a matter of law. In its final two points of error tenant complains of the award of

attorney's fees to landlord and the court's refusal to award attorney's fees to tenant.

■ Since no findings of fact or conclusions of law were filed by the county court, we are required to imply that the county court made all necessary findings to support its judgment. *Goodyear Tire & Rubber Co. v. Jefferson Constr. Co.,* 565 S.W.2d 916 (Tex.1978); *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.1977). Because tenant is attacking the implied findings of the county court on the factual insufficiency of the evidence in addition to its legal insufficiency, we must consider and weigh all the evidence, including any evidence contrary to the county court's judgment. *Burnett v. Motyka,* 610 S.W.2d 735 (Tex.1980).

■ In entering a judgment denying tenant's counterclaim based upon the landlord's alleged breach of the lease, we find that the trial court must have implicitly found either that the lease had not been renewed or that if it had been renewed, landlord was entitled to terminate the lease after the premises were damaged by fire. It is these implicit findings that are attacked by tenant.

The primary term of the lease expired on May 31, 1988. The renewal option of the lease provided:

Tenant shall have the right to lease the demised premises for an additional (5) five year period following the expiration of the primary term of this Lease subject to those terms and conditions as shall be mutually acceptable and agreed to by Tenant and Landlord covering the five year period following the expiration of the primary term of this Lease, provided that Tenant shall give Landlord written notice of his intention to lease the demised premises for five (5) years following the expiration of the primary term of this Lease at least one hundred eighty (180) days preceding the expiration of the primary term of this Lease.

Tenant testified that it mailed a letter dated November 1, 1987 to landlord in which tenant exercised its right to renew the lease in accordance with the renewal provision. Landlord denied having ever received such a letter. Tenant admitted that the

letter was sent by regular mail as opposed to registered or certified mail. Landlord suggested that the letter was fabricated after the 1989 fire and proved up the portion of the lease providing that delivery of notices shall be deemed, whether received or not, when sent by certified or registered mail. In addition to notice of renewal the lease renewal provision was subject to terms and conditions mutually acceptable and agreed to by both landlord and tenant. Both parties agreed that they had never discussed mutually acceptable and agreeable terms and conditions of the renewed lease.

In denying tenant's counterclaim based upon landlord's breach of the lease, the county court could have implicitly found from a preponderance of the evidence that the lease had not been extended and that tenant was on a month-to-month tenancy at the time it was notified to vacate. Absent a lease, there could be no cause of action for a breach.

 Even had the evidence been insufficient to establish that the lease had not been extended, the county court could have found from a preponderance of the evidence that the landlord was within its rights in terminating the extended lease pursuant to its fire and casualty provision which gave the landlord the option of terminating the lease where the fire damages could not "reasonably be completed within 120 days." Tenant offered testimony that the fire damage could have been repaired within 120 days. Tenant's evidence was strongly controverted by the landlord's rental agent and an architect, both of whom testified that the premises could not be reasonably repaired within 120 days. We find the evidence fully sufficient to support an implied finding that landlord was within its rights in terminating the lease.

We overrule tenant's first four points of error.

In its fifth point of error tenant urges that the county court erred in failing to award attorney's fees to tenant as provided under the lease agreement, which provided for the recovery of attorney's fees by the prevailing party in a suit brought on account of a breach or default by either party.

Since tenant was not the prevailing party under either the judgment of the county court or our opinion affirming such judgment, we overrule tenant's fifth point of error.

By its sixth and final point of error tenant contends that the county court erred in awarding attorney's fees to landlord since the landlord should not have prevailed in the suit.

For the reasons amply addressed above, we overrule tenant's final point of error and affirm the judgment of the county court.