Joseph S. FANDEY and wife, Edith D. Fandey, Appellants,

v.

Bruce W. LEE and wife, Elaine Lee, Appellees.

No. 08–92–00411–CV.

Court of Appeals of Texas, El Paso.

June 16, 1994.

John E. Keithly, Anthony, NM, Ken Slavin, Brower & Slavin, El Paso, for appellants.

John Mundie, Miranda & Boyaki, El Paso, for appellees.

Before KOEHLER and LARSEN, JJ., and PRESLAR, C.J. (Retired), Sitting by Assignment.

KOEHLER, Justice.

### *SUBSTITUTED OPINION ON MOTION FOR REHEARING*

We withdraw our opinion of March 30, 1994 and substitute the following opinion in its place. Appellees' motion for rehearing is overruled.

In the trial *de novo* in county court at law of a forcible detainer suit, a jury found that a landlord/tenant relationship did not exist between the parties as to certain real property of which Appellants claimed to be the owners. Based on that finding, the court rendered judgment denying Appellants all requested relief including the right to possession of the property. Also denied was the claim of Appellees for attorney's fees. Both parties appeal. We reverse and remand.

### FACTS

In November 1988, Appellants Joseph S. Fandey and Edith D. Fandey (Fandeys), in a 1031 "Tax Fee" Exchange of real estate,[1] sold property located in Huntington Beach, California and purchased three separate properties, hereinafter referred to as the California, New Mexico, and Texas properties. Bruce Lee and Elaine Lee (Lees), Ap-

---

1. I.R.C. § 1031 (1988).

pellees, who had owned the California property purchased by the Fandeys, delivered the net proceeds from the sale of their residence, $53,000, to Henry Daniel Fandey, the Fandeys' son, who is an attorney. Fandeys allege that the sum in question served as a security deposit for the rental of the Texas property[2], while the Lees urge that the sum was part of the purchase price of the property. Subsequent to the delivery of the $53,-000, the Lees in November of 1988 began to occupy the Texas property. It is undisputed that at all times material to this appeal, the Fandeys were and are the record owners and title holders of the Texas property and have paid all taxes and insurance on the property. Since moving to the property, the Lees made no further payments for the property.

In April 1990, the Fandeys filed a forcible detainer action against the Lees in justice court with the result that following a trial, judgment of possession of the property in question was awarded to the Fandeys. The Lees perfected an appeal to county court, eventually asserting several affirmative defenses. In addition, the Lees filed a counterclaim asserting actions to quiet title and for fraud, RICO violations and abuse of process, all of which were subsequently severed from the forcible detainer action, and presumably remain pending. In the trial of the forcible detainer suit, the jury found in answer to the only question submitted that no landlord/tenant relationship existed between the parties. The trial court entered judgment that the Fandeys take nothing and awarded costs to the Lees in the amount of $4,518.78, but denied the Lees any recovery for their attorney's fees.

## JURISDICTIONAL QUESTION

In what is entitled a "Preliminary Reply Point," the Lees assert that this Court has no jurisdiction to hear the appeal because the uncontroverted evidence adduced in the trial

court showed that the Texas property was used not only as the Lees' residence but also for their "voice mail business." It is the Lees' contention that Section 24.007 of the Texas Property Code[3] means what it says, that a judgment of a county court in a forcible detainer suit on the issue of possession is final and unappealable unless the property in question is being used strictly for residential purposes and nothing else.

■■■ When statutory construction is involved, the principal rule is that the court must determine the intent of the legislature and must construe the statute so as to give effect to that intent. *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 384 (Tex.1982). Taking the wording "used for residential purposes only" at face value would mean that neither the landlord nor the tenant in a situation where the tenant used any part of the premises for commercial or business purposes, be it for occasional telephone calls to or from patients, clients or customers, piano lessons, tax services or whatever, would be able to appeal from an adverse judgment in the county court on the issue of possession. While we find it somewhat difficult to believe that the Texas Legislature intended to restrict the right to appeal so severely, we conclude that a literal reading of "used for residential purposes only" cannot be interpreted any other way. If the legislature had intended otherwise, it would have been a simple matter to have restricted the right to appeal on the issue of possession to cases where the premises were used "primarily" (or some other appropriate word) for residential purposes. It would thus appear that if the jury or the court had made a finding that the premises were not "used for residential purposes only," the Fandeys would have no right to appeal to this Court, an astounding result when examined in light

2. The Texas property is a residence located at 5119 Sterling Place, El Paso, Texas. Evidence in the trial indicated that the parties placed a value on the property of between $147,500 and $185,-000.

3. Section 24.007 states in relevant part that, "A final judgment of a county court in a forcible

entry and detainer suit or a forcible detainer suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes **only**." [Emphasis added]. Tex.Prop.Code Ann. § 24.007 (Vernon Supp. 1994).

of the admissible evidence in this case.[4]

However, we are unable to address the jurisdictional question. First, neither the jury nor the court were requested to find, nor did either find, that the premises were used by the Lees for residential purposes only. Second, there were no pleadings to support the submission of an issue on that question. TEX.R.CIV.P. 278. Although the Lees assert that the evidence that they were using the premises for business as well as residential purposes was uncontroverted, the appellate court is not a fact finder and can make no such finding. Nor can such a finding be deemed because it is not essential to support the judgment rendered on the verdict. See TEX.R.CIV.P. 279. Accordingly, the Lees' Preliminary Reply Point is overruled.

## POINTS OF ERROR

In three points of error, the Fandeys contend that the trial court erred first by admitting, over their objections, testimony challenging the Fandeys' title to the property in question on the grounds that such testimony violated the statute of frauds, the parol evidence rule, and was not admissible in a forcible detainer suit; second, by allowing the Lees to present evidence despite their failure to comply with a prior sanction order; and third, by allowing, over an attorney/client privilege objection, the testimony of an attorney concerning confidential information. We find it necessary to address only the first point of error.

## STANDARD OF REVIEW

The question of whether evidence should be admitted or excluded during trial is generally within the sound discretion of the trial court. *Ethicon, Inc. v. Martinez,* 835 S.W.2d 826, 831 (Tex.App.—Austin 1992, writ denied). Thus, we review the complained of evidentiary rulings in this case under the abuse of discretion standard. *Ethicon, Inc.,* 835 S.W.2d at 831. The test

for abuse of discretion is not whether, in our opinion, the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). In other words, we must determine whether the court's rulings were arbitrary or unreasonable. *Downer,* 701 S.W.2d at 242. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer,* 701 S.W.2d at 242. Nor does a mere error of judgment amount to an abuse of discretion. *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989).

## FORCIBLE DETAINER

A forcible detainer proceeding is (or at least is supposed to be) a summary, speedy, and inexpensive remedy for the determination of who is entitled to possession of a premises. *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816, 818 (1936). What with a 1107 page transcript, a 646 page trial statement of facts, numerous motion hearings, an application for mandamus, somewhat lengthy briefs, and proceedings that began with the filing of the suit on April 10, 1990, this forcible detainer action has been anything but summary, speedy, and inexpensive. We do not point a finger at any specific person for unduly complicating what should have been a simple proceeding because a review of the record indicates that the parties, their attorneys, and the judge all share some degree of responsibility for the abysmal showing.

The principal purpose of a forcible detainer, or forcible entry and detainer action, is to determine who has the right to immediate possession of the premises. *Haginas v. Malbis Memorial Foundation,* 163 Tex. 274, 354 S.W.2d 368, 371 (1962); *Anarkali Enterprises, Inc. v. Riverside Drive En-*

4. Although not specifically addressed by this Court, an interesting question is presented with regard to the right to appeal from the county court judgment on the issue of possession. If a landlord rented or leased property as a residence in an area zoned only for residential use, would the tenant's use of the property for business purposes contrary to the zoning laws defeat the landlord's right to appeal under Section 24.007?

*terprises, Inc.*, 802 S.W.2d 25, 26 (Tex.App.—Fort Worth 1990, no writ). The only issue is "the right to actual possession; and the merits of the title shall not be adjudicated." TEX.R.CIV.P. 746. *Johnson v. Fellowship Baptist Church*, 627 S.W.2d 203, 204 (Tex. App.—Corpus Christi 1981, no writ). Where title to the property is directly involved in the suit, the justice and county courts lack jurisdiction. *Id.* at 204.

 At trial, the parties agreed that the only disputed element involved a determination of whether a landlord/tenant relationship existed. In pertinent part, the forcible detainer provision of the Property Code states:

(a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

(1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession;

(2) is a **tenant at will** or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or

(3) is a tenant of a person who acquired possession by forcible entry.

[Emphasis added]. TEX.PROP.CODE ANN. § 24.002 (Vernon Supp.1994). A tenant at will is one who holds possession of premises by permission of an owner, but without a fixed term. BLACK'S LAW DICTIONARY 1466 (6th ed. 1990). As previously stated, it is undisputed that the Fandeys are the record title owners of the premises. It is also undisputed that the Fandeys gave the Lees the right to possession by delivering the premises keys to them and they are in possession of the premises. And, finally, there was no fixed term of occupancy. There is nothing in writing between the Fandeys and the Lees evidencing what their agreement, if any, was with respect to whether the premises were being leased or sold. The only contested issue was the grounds on which the Lees obtained occupancy, pursuant to an unresolved lease agreement or pursuant to an agreement for sale, neither of which is relevant in a forcible detainer suit. Thus, a careful examination of the remaining evidence reveals that the Fandeys established a landlord/tenant relationship as a matter of law.

 In the absence of a legally enforceable agreement, such as a lease or rental agreement or a contract to sell, an occupier of premises is at best a tenant at sufferance and at worst a trespasser. Under such circumstances, the record title owner of the premises would be entitled to possession, after notice and demand, by merely showing "sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex.App.—Houston [14th Dist.] 1993, no writ).

 In response to the Fandeys' amended complaint for forcible detainer in the county court in which they alleged that the Lees were tenants at will, the Lees denied that a landlord/tenant relationship between the parties existed and alleged by way of affirmative defenses that: one, the Fandeys through their son as agent had entered into an oral contract to sell the El Paso property and that they had entered into possession and made valuable improvements to it; two, the Fandeys were attempting to perpetrate a fraud on them by utilizing the forcible detainer suit; and three, the Fandeys filed the forcible detainer suit in retaliation against them for having brought a disciplinary proceeding against Fandeys' son, Henry Daniel Fandey, alleging that he had engaged in unethical and dishonest conduct toward them while acting as their attorney and as agent for his parents. While the Lees' affirmative defense allegations would have relevancy to their counterclaims to quiet title and for fraud, among other things, which were properly severed from the forcible detainer action, they have no such relevancy to the question of which party had the right to immediate possession of the premises. Therefore, none of the evidence pertaining to these "affirmative defenses" should have been admitted. Because the Fandeys properly and timely objected to the introduction of all evidence relating to the "affirmative defenses" and the Section 1031 exchange of property on the grounds of relevancy, the

**170**

trial court erred in overruling those objections. Having acted without reference to the guiding principles and rules relating to forcible detainer actions, the trial court abused its discretion.

## STATUTE OF FRAUDS

 In addition to their relevancy objections, Fandeys objected to all evidence relating to the "affirmative defenses" on the grounds that such evidence violated the statute of frauds. Under the statute of frauds, TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon 1987), a contract for the sale of real property (or a lease of real property for a term longer than one year) is not enforceable unless the agreement is in writing and signed by the person or his agent against whom enforcement of the contract is sought. *Rittgers v. Rittgers*, 802 S.W.2d 109, 113 (Tex.App.—Corpus Christi 1990, writ denied). An oral agreement for the sale of land may be enforced in equity provided the purchaser can show that (1) partial consideration was paid; (2) the purchaser took possession of the property; and (3) the purchaser made permanent and valuable improvements to the property. *Sharp v. Stacy*, 535 S.W.2d 345, 347 (Tex.1976); *Rittgers*, 802 S.W.2d at 113. In order to be valuable, the improvements must be substantial and add materially to the value of the property. *Eastland v. Basey*, 196 S.W.2d 336, 339 (Tex.Civ.App.—Austin 1946, no writ). While the Lees did offer evidence, over objection, that they had paid at least a partial consideration for the property and had taken possession, their evidence of making permanent and valuable improvements to the property fell far short. The only improvement evidence was that the Lees had trunk telephone lines put into the house and built in some bookcases so that they could conduct a voice mail business out of the residence. Aside from the question of whether such "improvements" to a residence may be in violation of zoning ordinances, a matter not before us, there is no evidence that the claimed improvements were either permanent or valuable. *Rittgers*, 802 S.W.2d at 113. Moreover, in the face of a statute of frauds objection, the burden was on the Lees to raise a fact issue that they had made valuable and permanent improvements to the

property and to obtain a finding that such improvements had been made. *Hammonds v. Calhoun Distributing Co., Inc.*, 584 S.W.2d 473, 475 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). The court erred by overruling the Fandeys' objection and allowing evidence of the alleged sale of the property and by such action abused its discretion. Point of Error No. One is therefore sustained on both relevancy and statute of fraud grounds. With this disposition of the first point, we find it unnecessary to consider the second and third points.

The Lees in a cross-point assert that the trial court erred by failing to award them their attorney's fees under TEX.PROP.CODE ANN. § 24.006(c). However, in view of our disposition of the appeal, the cross-point is overruled.

Because we conclude from the record before us that the Fandeys had established their right to immediate possession as a matter of law, it is obvious that the erroneous evidentiary rulings of the court caused the rendition of an improper judgment. We reverse the judgment of the trial court, enter judgment in favor of the Fandeys for immediate possession of the premises at 5119 Sterling Place, El Paso, Texas, and remand the remainder of the cause to the trial court for determination of the amounts, if any, of back rentals and attorney's fees that should be awarded to the Fandeys, with all costs of appeal adjudged against the Lees.