02-10-428-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00428-CV

 

 


 
 
 Wells Fargo Bank, N.A.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Kim Young and All Occupants of 289 CR 4764, Boyd,
 Texas 76023
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE County
Court at Law OF Wise COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Wells Fargo Bank, N.A. appeals the trial court’s award of possession of the 289
County Road 4764, Boyd, Texas residence to appellees Kim Young and all
occupants.  We will reverse the trial court’s judgment.

Background
Facts

          Prior
to the present action, another party—Mortgage Electronic Registration Systems
(“MERS”)—had brought a forcible detainer action against Young regarding the
County Road property.  See Mortgage Elec. Registration Sys. v. Young,
No. 02-08-00088-CV, 2009 WL 1564994 (Tex. App.—Fort Worth June 4, 2009, no
pet.) (mem. op.).  Young asserted the affirmative defense of estoppel and brought
a plea to the jurisdiction.  Id. at *3.  Specifically, Young presented
deeds conveying the property from MERS to HUD, and then from HUD to Wells Fargo,
thereby disputing MERS’s ownership of the property.  Id.  At trial,
Young also testified that she had attempted to sell the property in 2004 and
had been unaware that the sale had not gone through until 2006, when she was notified
that the property was then in foreclosure.  Young claimed that Wells Fargo had agreed
to reinstate the note and send her the paperwork for reinstatement.  Young never
received the paperwork, but she moved back onto the property anyway and made
repairs to it.  Despite Wells Fargo’s notice, Young refused to vacate, and MERS
filed the above-mentioned forcible detainer action against her in the justice
court.

The
county court entered judgment in favor of Young, and MERS appealed.  This court
held that because title to the property was in dispute, and because the justice
court (and therefore the county court) had no jurisdiction to determine title, it
did not have jurisdiction to determine if MERS had a superior right to
immediate possession.  We reversed the judgment of the trial court and rendered
judgment dismissing the case.  Id. at *5.

          Wells
Fargo then filed its own forcible detainer action against Young.  Young
asserted that, based on the dismissal of the forcible detainer action by MERS,
Wells Fargo was collaterally estopped from bringing this suit.  The justice court
rendered judgment in favor of Wells Fargo.  Young appealed to the county court,
which tried the case de novo.  See Tex. R. Civ. P. 749, 751.  At trial, Young
submitted the trial transcript from the 2009 Mortgage Elec. Registration
Sys. case, which included evidence that Young, relying on statements made
by Wells Fargo that she could avoid foreclosure, made improvements to the
property.  The county court entered judgment in Young’s favor, finding that based
on the facts of the 2009 case, Wells Fargo was estopped from asserting its
right to immediate possession against Young.  Wells Fargo now appeals to this
court.

Discussion

Forcible
Detainer

          In
Wells Fargo’s first point, it argues that the trial court erred in failing to
grant it possession of the property because the evidence showed that it had a
superior right to immediate possession of the property.

In a
forcible detainer action, the only issue the trial court determines is whether
the party seeking to obtain possession is entitled to actual and immediate
possession, and the merits of whether a party has title shall not be
determined.  See Tex. R. Civ. P. 746; Black v. Wash. Mut. Bank,
318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism’d w.o.j.); Williams
v. Bank of N.Y. Mellon, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no
pet.).  Thus, questions over whether a sale of property in a deed of trust is
invalid “must be brought in a separate suit.”  Williams, 315 S.W.3d at
927; Rice v. Pinney, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no
pet.).  “To prevail in a forcible detainer action, a plaintiff is not required
to prove title, but is only required to show sufficient evidence of ownership
to demonstrate a superior right to immediate possession.”  Rice, 51
S.W.3d at 709.

          At
trial, Wells Fargo presented deeds showing the chain of title from MERS to
Wells Fargo, the deed of trust signed by Young, and the notices to vacate sent
to Young.  This evidence is generally sufficient to establish a superior right
of possession.  See, e.g., Williams, 315 S.W.3d at 927
(holding that plaintiff proved its right to possession of the property by
presenting the substitute trustee’s deed, the deed of trust, and notice to defendant
to vacate).  However, the trial court also found that “collateral estoppel
applie[d] in this case due to the extraordinary facts set forth in [Mortgage
Elec. Registration Sys.]” and did not award Wells Fargo possession of the
property.  In its conclusions of law, it stated

3.  [Young] was
entitled to the equitable relief of estoppel against [MERS] in previous
[cause].

 

4.  [Wells Fargo] has
a right of possession that is subject to prior legal and equitable flaws in its
predecessors’ rights of possession.

 

5.  [Wells Fargo’s]
right to possession . . . is subject to [Young’s] equitable relief of estoppel.

 

6.  [Young] is
entitled to continue to have the equitable relief of estoppel applied to [Wells
Fargo].

 

          Although
the trial court’s findings of fact and conclusions of law refer to equitable
estoppel, the trial judge also noted that it found that collateral estoppel applied
as well.  Because both theories of estoppel are referenced, and because either
theory of estoppel could prevent Wells Fargo from taking possession of the
property, we will evaluate both in addressing Wells Fargo’s first point.

Equitable
Estoppel

          Beginning
with Wells Fargo’s second point, it argues that the trial court erred by
granting judgment for possession in favor of Young on the basis of equitable
estoppel.  Wells Fargo contends that the sole issue in a forcible detainer
action is who has superior right to immediate possession, so the defense of
equitable estoppel cannot control the outcome of a forcible detainer action.

          While
the sole issue in a forcible detainer suit is who has the right to immediate
possession of the property, forcible detainer actions are cumulative and not
exclusive of other remedies a party might have, and will not bar concurrent
suits such as those for damages, wrongful foreclosure, or title defects.  Hong
Kong Dev., Inc. v. Nguyen, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st
Dist.] 2007, no pet.); Rice, 51 S.W.3d at 709.  Forcible detainer
is designed to be a speedy, simple, and inexpensive means to obtain immediate
possession of the property.  Tex. R. Civ. P. 746; Rice, 51 S.W.3d
at 709.  A person facing this type of suit may have other potential remedies,
and may bring actions relating to damages and title issues in a separate suit. 
Rice, 51 S.W.3d at 709.  

In
this case, Young contends that she made subsequent improvements to the property
in reliance on Wells Fargo’s statements that the foreclosure would be halted. 
These contentions may form the basis for wrongful foreclosure or some other action,
but they do not bear on Wells Fargo’s right of immediate possession.  See,
e.g., Fandey v. Lee, 880 S.W.2d 164, 169 (Tex. App.—El Paso 1994,
writ denied) (holding that when title and ownership were undisputed, the defendants’
affirmative defense that the plaintiffs had perpetrated fraud upon the
defendants by falsely agreeing to sell them the property had “no . . .
relevancy to the question of which party had the right to immediate possession
of the premises”).  Wells Fargo is not barred by equitable estoppel in
asserting its right to immediate possession in this case.  We sustain Wells
Fargo’s second issue.

Collateral
Estoppel

          In
Wells Fargo’s fourth point, it argues that the trial court erred in concluding
that Wells Fargo’s claims to possession of real property are barred by
collateral estoppel, as there was no previous final judgment on the merits
regarding the parties and issues in this lawsuit.

          In
Mortgage Elec. Registration Sys., MERS presented a substitute trustee’s
deed to establish its interest in the property.  2009 WL 1564994, at *3. 
However, Young presented two deeds executed after the substitute trustee’s deed
disputing MERS’s interest in the property.  Id. at *3.  MERS made no
attempt to explain those deeds.  Id. at *4.  Likewise, MERS failed to show
that it had any authority to bring a forcible detainer action on behalf of
Wells Fargo.  Id.  This court therefore held that because title was in
dispute, the justice court (and therefore the county court and the court of
appeals) had no jurisdiction.  Id. at *5.

          Wells
Fargo contends that in the present case title is no longer an issue and that
the right to immediate possession can be adjudicated.  Young argues that regardless
of the title issue, the issue of superior right to possession to the property has
already been litigated and thus, Wells Fargo is collaterally estopped from
asserting its right in this case.

          Collateral
estoppel may preclude relitigation of issues previously litigated even though
the subsequent suit is based upon a different cause of action.  Johnson
& Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 521
(Tex. 1998).  If a cause of action in the second lawsuit involves an element
already decided in the first lawsuit, that cause of action is barred.  Id. 
For this to be true, however, the issue decided in the first action must be
actually litigated, essential to that lawsuit’s judgment, and identical to the
issue in the pending action.  Id.

          In
Mortgage Elec. Registration Sys., we held that the trial court lacked
jurisdiction over MERS’s action.  2009 WL 1564994, at *5.  Specifically,
we held that “the county court did not have jurisdiction to determine if MERS
had a superior right to immediate possession of the property.”  Id. at
*5.  Because the case was dismissed for lack of jurisdiction, the merits of
MERS’s right of immediate possession were not reached, nor can they be said to
be “essential” to the judgment in that action.  Furthermore, even if MERS’s
right to immediate possession of the property had been adjudicated, Young has
not shown how MERS’s right to immediate possession is an identical issue to the
issue in this case, i.e., Wells Fargo’s right to immediate possession.  See
Johnson & Higgins of Tex., Inc., 962 S.W.2d at 521.  This court’s
holding in the previous case between different parties that the judgment was
void based on lack of jurisdiction cannot be dispositive of Wells Fargo’s
claims in this case.  Collateral estoppel therefore does not now bar Wells
Fargo from litigating its forcible detainer action.  We sustain Wells Fargo’s
fourth issue.

Revisiting
Wells Fargo’s First Issue

          Because
we have held that Young’s affirmative defenses of estoppel do not bar Wells
Fargo from asserting its right to possession of the property at issue, and
because Wells Fargo presented evidence at trial sufficient to establish its
right to immediate possession of the property, the trial court erred in not
granting possession in favor of Wells Fargo.  We sustain Wells Fargo’s first
issue.  Having sustained all of the dispositive issues in this case, we do not
reach Wells Fargo’s third issue.  See Tex. R. App. P. 47.1.

Conclusion

          Having
sustained all of Wells Fargo’s dispositive issues, we reverse the judgment of
the trial court and render judgment of possession in favor of Wells Fargo.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
WALKER,
McCOY, and GABRIEL, JJ.

 

DELIVERED:  August 18, 2011









[1]See Tex. R. App. P. 47.4.