**Opinion filed April 4, 2013**



In The

# Eleventh Court of Appeals

_____

### No. 11-11-00116-CV

_____

### J.W. JONES, Appellant

### V.

### DANNY PERRY AND CONNIE PERRY, Appellees

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 08261-D**

### MEMORANDUM OPINION

Appellant, J.W. Jones, appeals the trial court's judgment, entered after a jury verdict, enforcing an oral contract for the sale of real property located at 3617 Clinton Street in Abilene to Appellees, Danny and Connie Perry, and awarding Appellees title to the property.[1]  We affirm.

### I. Procedural History

Appellees filed suit against Appellant and his brother, Carl Jones, and alleged that Appellees entered into an oral agreement with Carl for the purchase of the Clinton Street

---

[1]Although the trial court entered judgment against Appellant and his brother, Carl Jones, Carl did not appeal from the judgment.

property. After a prior trial that resulted in a mistrial and the reopening of Carl's bankruptcy, the case proceeded to trial. Carl testified that he rented the property to Appellees. Appellant and Carl originally inherited the property and owned it as tenants in common, but Appellant purchased Carl's interest from the bankruptcy estate.

The trial court submitted the case to the jury on nine jury questions that were answered in favor of Appellees. The jury found that there was an oral contract for the sale of real property that was exempted from the statute of frauds under the "partial performance" exception. Specifically, the jury found Appellees (1) paid consideration for the property, (2) were in possession of the property, and (3) made valuable and substantial improvements to the property. The jury also found that Carl acted as Appellant's agent. The trial court entered judgment accordingly and awarded title to Appellees.

## II. Issues

Appellant brings two issues on appeal. In his first issue, he argues that "[t]he Court erred in denying Appellant's Motion for Instructed Verdict at the close of Evidence because the evidence was legally insufficient to take the case out of the Statute of Frauds." In his second issue, Appellant maintains that "[t]he Court erred in denying Appellant's Motion for Instructed Verdict at the close of Evidence because the evidence was factually insufficient to take the case out of the Statute of Frauds."

## III. Standard of Review

A direct or instructed verdict is appropriate when a specifically indicated defect in the opponent's pleadings makes it insufficient to support a judgment, when the evidence conclusively proves a fact that establishes a party's right to a judgment as a matter of law, or when the evidence offered on a cause of action is insufficient to raise an issue of fact. *City of Alamo v. Casas*, 960 S.W.2d 240, 248 (Tex. App.—Corpus Christi 1997, pet. denied). It is the third of these grounds to which we turn our attention in this appeal.

A defendant is entitled to a directed verdict when the plaintiff does not present evidence that raises a fact issue essential to the plaintiff's right of recovery or when the plaintiff admits or the evidence establishes conclusively a defense to the plaintiff's cause of action. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). The test for legal sufficiency is the same as that for a directed verdict. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). We may sustain a legal sufficiency challenge only when (1) the record

discloses a complete absence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810. The jury is the only judge of the credibility of the witnesses and the weight to be given to their testimony. *Id.* at 819. We are to consider all of the evidence in the light most favorable to the plaintiff's case, and we will disregard all contrary evidence and inferences unless a reasonable jury could not. *Id.* at 823–27; *Lasater v. ConVest Energy Corp.*, 615 S.W.2d 340, 343 (Tex. Civ. App.—Eastland 1981, writ ref'd n.r.e.).

We are to decide whether there is any evidence of probative value that raises fact issues on the questions presented. *Bostrom Seating, Inc. v. Crane Carrier Co.*, 140 S.W.3d 681, 684 (Tex. 2004). If the evidence, thus reviewed, rises to a level that will allow reasonable and fair-minded people to differ in their conclusions, there is more than a scintilla of evidence, and it would be improper for a trial court to grant a directed verdict. *Coastal Trans. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 234 (Tex. 2004). Our review here, then, is one of "no evidence."

In reviewing a factual sufficiency challenge, we consider all the evidence and uphold the finding unless the evidence is too weak to support it or the finding is so against the overwhelming weight of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). Appropriate deference must be given to the jury's determination, especially concerning its judgment on the weight and credibility of witness testimony because the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Nat'l Freight, Inc. v. Snyder*, 191 S.W.3d 416, 425 (Tex. App.—Eastland 2006, no pet.).

### IV. Statute of Frauds

Appellant takes the position that, because the alleged conveyance is not in writing, it violates the statute of frauds. The statute of frauds generally precludes an oral conveyance of real property. TEX. BUS. & COM. CODE ANN. § 26.01 (West 2009). However, there are certain circumstances under which oral conveyances of real property are removed from the operation of the statute of frauds, and in those circumstances, an oral contract to convey real property is "enforceable in equity notwithstanding the statute." *Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921).

Under the doctrine of partial performance, as applied to the statute of frauds, an oral contract for the purchase of real property is enforceable if the purchaser pays consideration, takes possession of the property, and makes permanent and valuable improvements on the property with the consent of the purported seller. *Hooks*, 229 S.W. at 1116; *Fandey v. Lee*, 880 S.W.2d 164, 169–70 (Tex. App.—El Paso 1994, writ denied) (citing *Sharp v. Stacy*, 535 S.W.2d 345, 347 (Tex. 1976)); *Rittgers v. Rittgers*, 802 S.W.2d 109, 113 (Tex. App.—Corpus Christi 1990, writ denied). It is the first and third elements to which Appellant directs his argument in this appeal, and again, he maintains in both issues that the trial court erred when it denied his motion for instructed verdict.

## V. Factual Application and Analysis

We will complete the directed verdict/legal sufficiency and the factual sufficiency analyses in turn, but within each, we address the third element of "permanent and valuable improvements" first and then address the "payment of consideration" element.

### A. Denial of Directed Verdict/Legal Sufficiency Review

Appellant contends the trial court erred by denying his motion for instructed verdict because the only evidence consisted of conflicting testimony from interested witnesses. However, the testimony of an interested witness, as a party, raises fact issues that a jury must decide, and a trial court is generally precluded from entering a directed verdict. *Trevino v. Kent Cnty.*, 936 S.W.2d 488 (Tex. App.—Amarillo 1996, writ denied).

Because material fact questions existed regarding the elements of partial performance, the case was properly submitted to the jury. *Koenning v. Manco Corp.*, 521 S.W.2d 691, 699 (Tex. Civ. App.—Corpus Christi), *writ ref'd n.r.e.*, 531 S.W.2d 805 (Tex. 1975) (holding a trial court errs in granting a motion for instructed verdict where a party has introduced some evidence on each of the elements of proof that it must establish); *see also Republic Nat'l Life Ins. Co. v. Heyward*, 536 S.W.2d 549 (Tex. 1976); *Jordan v. Jordan*, 938 S.W.2d 177 (Tex. App.—Houston [1st Dist.] 1997, no writ) (holding instructed verdict is improper and the case must be submitted to the jury if there is any conflicting evidence of probative value).

### 1. Valuable and Permanent Improvements to Property

Appellees alleged that in May 1996 they entered into an oral contract to purchase the Clinton Street property from Appellant and his brother, Carl. Carl testified that Appellees rented the property for $150 per month and that they paid for six months. Carl said that there was no

offer of sale until Appellees approached him after the six months were up. Although Carl's testimony would indicate that there had been no sale of the property, in a subsequent bankruptcy, Carl did not list the property as an asset, and he had no rental records.

According to Danny's testimony, after he moved onto the property and through 2007, he made many improvements to the property. Although Danny contradicted himself about times and amounts of money, he testified that he cleared and leveled the yard, repaired the roof, renovated the kitchen by installing new cabinets and countertops, renovated the bathroom, and painted the interior of the house.

Danny paid for all of the repairs, but only produced two receipts for repairs. He told Carl about some of the repairs, but not about all of them. Carl was aware of the sewer line that Danny repaired after Danny received a letter from the city. And, he had seen Carl in the driveway of a neighbor's house close to the fence after it had been repaired. Danny had also started construction on a carport but became too ill to finish it. Danny testified that he had spent at least $35,000 on improvements to the property.

Appellant does not dispute that Appellees performed work on the property. However, Appellant contends that there was no evidence that Appellees did any work with either his or his brother's consent and that there was also no evidence that the work resulted in a valuable improvement.

Before improvements are valuable ones, "the improvements must be substantial and add materially to the value of the property." *Fandey*, 880 S.W.2d at 170; *Eastland v. Basey*, 196 S.W.2d 336, 339 (Tex. Civ. App.—Austin 1946, no writ.). In *Fandey*, the court held that the Lees fell short in showing substantial and valuable improvements that were permanent; they had only installed a telephone trunk line and some bookcases for a voice mail business. *Fandey*, 880 S.W.2d at 170. In *Eastland*, however, Eastland alleged that Smith had made a parol gift to him of certain real property and had also made a parol gift of goats to Smith's son. *Eastland*, 196 S.W.2d at 338. The court held that, where the donor of the real property lived with Eastland for five years and during that time Eastland tilled the farm, grubbed out part of the farm, cared for livestock, repaired and rebuilt fences, and rebuilt a barn and corral as well as installed new doors and windows in the home, enlarged its living room, and reroofed part of it, the evidence was sufficient evidence that Eastland had made permanent, substantial, and valuable improvements. *Eastland*, 196 S.W.2d at 338–39.

5

After examining the evidence in the light most favorable to Appellees' case and disregarding all contrary evidence and inferences of probative value, we conclude that the trial court correctly denied the motion for directed verdict because fact issues existed on the material question of whether Appellees made permanent and valuable improvements on the property with the consent of Appellant. This evidence rises to a level that would allow reasonable and fair-minded people to differ in their conclusions on the issue; therefore, there is more than a scintilla of evidence on the issue of whether Appellees made permanent and valuable improvements on the property with Appellant's consent. Thus, Appellant was not entitled to an instructed verdict.

### 2. Payment of Consideration

As we have noted, Appellant's second issue also speaks to the trial court's failure to grant his motion for instructed verdict. In the issue, he asks this court to determine whether the trial court committed error when it denied his motion for instructed verdict because, as he argues, the evidence was factually insufficient to show that Appellees had paid consideration for the property. As is clear from the cases cited earlier, factual insufficiency is not the appropriate standard of review to use when we examine the propriety of the denial of a motion for instructed verdict; we will review the denial as a "no evidence" point. *See Coastal Trans. Co.*, 136 S.W.3d at 234.

Danny testified that the purchase price was $25,000; however, on cross-examination, he testified that it was $15,000 and, on redirect, again changed his answer to $17,000. Carl testified that he offered to sell the property to Appellees for $15,000 cash but that Appellees never paid anything beyond the original rental agreement of $150 per month for six months. Danny testified to making monthly payments of $350 for several years. The jury also heard Connie's testimony from the previous trial that resulted in a mistrial that the consideration was a purchase price of $15,000. In addition, Appellees introduced tax records showing the value of the property at less than $15,000 and showing that they had prevented foreclosure in 2006 and 2007 when they paid delinquent property taxes. Reviewing this evidence in a light most favorable to Appellees, reasonable and fair-minded people could reach differing conclusions about the factual disagreements on the payment of consideration, and the trial court did not error when it denied Appellant's motion for directed verdict on that issue.

## B. Factual Sufficiency Review

If we were to read Appellant's first and second issues as one challenging the factual sufficiency of the evidence to support the jury's finding that Appellees made permanent and valuable improvements and paid consideration for the property, we would utilize a different standard of review than the one that applies to our consideration of whether the trial court erred when it denied the motion for instructed verdict. In analyzing a factual sufficiency challenge, we must consider and weigh all of the evidence and determine whether the evidence in support of a finding is so weak as to be clearly wrong and unjust or whether the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Pool*, 715 S.W.2d at 635; *In re King's Estate*, 244 S.W.2d 660, 664 (Tex. 1951). However, in this case, the result would not change.

### 1. Valuable Improvements to the Property

Turning to the factual sufficiency challenge, we review the entire record. Certainly, the record contains evidence supporting Appellant's argument. Carl testified that he never consented to any work on the property, and Appellant stated that he had no knowledge of any work done on the property during the time of Appellees' possession.

Danny testified that the house was not in good condition and that it needed many repairs. Danny testified that, between 1993 and 2007, he repaired the roof of the house, renovated the kitchen and the bathroom, and installed a new water heater. When he renovated the kitchen, Danny indicated that he installed new cabinets and countertops, as well as painted the interior of the house. Danny paid for all of the repairs. Danny had also begun construction of a carport on the property, but had to discontinue when he became too ill. Danny testified he never informed Carl of several improvements that he made on the Clinton Street property because he believed he owned the house.

There was evidence, however, that Carl was aware of some improvements made to the property. Danny testified he received a letter from the city that the sewer line needed to be repaired. According to Appellees, Danny and Carl agreed that Appellees would pay for the repair to the sewer line. Danny further testified that Carl was aware of the repair to the fence because Danny observed Carl's pickup at the neighbor's house. Danny testified that he made at least $35,000 in improvements to the Clinton Street property. We believe the jury could have

7

determined that Carl had knowledge of the repairs and improvements that were permanent, substantial, and valuable.

The jury heard from a neighbor, Melody Garson, who testified that, prior to the Appellees' work on Clinton Street, the property "stunk," there was a smell around it, and the yard was "messy." Danny testified that he had cleared and leveled the yard. Garson said she saw Appellees clearing the yard, which motivated her to maintain her own yard. Garson also testified that, after Appellees moved in and began making repairs, the odor went away. Garson testified at the 2010 trial that Appellees lived across the street from her for seven years and that she lived there before they did. She testified at the first trial that Appellees had moved onto the property around 1995 or 1996, but she could not recall when any repairs were made.

Danny also contradicted himself numerous times regarding when work was done and how much he paid for the various repairs. Danny testified that he repaired the sewer line around the time he moved onto the property in 1995, but that the city did not send notice to repair the line until 1997. At one point, Danny testified he paid more than $35,000 on improvements and later raised that number to $60,000, but he did not produce any work receipts, except two from 2003. One receipt for $1,050 was for labor and materials to clear the yard; a second receipt for $1,127.07 was for labor and material for siding.

The record also contains evidence contradicting Appellant's and Carl's testimony. Carl failed to list the Clinton Street property on his bankruptcy petition in 2000. He did not keep a logbook or record of rents received. Garson believed Appellees had purchased the property rather than rented it. It is within the jury's province to resolve conflicting testimony, and we defer to the jury's determination on the credibility and weight given to witness testimony. *Nat'l Freight*, 191 S.W.3d at 425.

The jury had factually sufficient evidence to conclude that there were permanent, substantial, and valuable property improvements. Whether the improvements are of such character to be permanent and substantial and whether they materially add to the value of the property is a fact issue for the jury to resolve. *Eastland*, 196 S.W.2d at 339. The record reveals evidence that was subject to a credibility assessment, and a reasonable jury was entitled to believe or disbelieve any of the admitted evidence. The totality of the evidence is not so weak or so against the overwhelming weight of the evidence as to make the jury's decision manifestly unjust. *Pool*, 715 S.W.2d at 635. The evidence is factually sufficient to support the jury's

8

determination that Appellees made permanent and valuable improvements to the Clinton Street property.

### 2. *Payment of Consideration*

Appellant also argued that the evidence is factually insufficient to show that Appellees paid the agreed consideration. Appellant asserts that, before the jury could properly determine consideration was paid in full, the jury had to determine the amount of agreed consideration. Danny testified that the purchase price was $25,000; however, on cross-examination, he testified it was $15,000 and, on redirect, again changed his answer to $17,000. As we noted earlier in this opinion, the jury heard Connie's testimony from the previous trial that resulted in a mistrial. Her testimony was that the price was $15,000. Appellees introduced tax records showing the value of the property at less than $15,000. Carl also testified that he offered to sell the property to Appellees for $15,000 cash but that Appellees never paid anything beyond the original rental agreement of $150 per month for six months.

Appellant underscores the fact that Appellees could not attest to the date that Appellees paid the consideration in full. However, Danny testified to making monthly payments of $350 for several years. Appellees also introduced evidence that they paid the delinquent property taxes in 2006 and 2007 to prevent foreclosure. In general, the assumption of a debt can be sufficient consideration. *Wisdom v. Smith*, 209 S.W.2d 164, 168 (Tex. 1948); *Shenandoah Assocs. v. J & K Props., Inc.*, 741 S.W.2d 470, 499 (Tex. App.—Dallas 1987, writ denied).

Furthermore, Carl testified that Danny worked on Carl's vehicle at Danny's mechanic shop in exchange for rent. Consideration can be in services or in cash—in part or in full. *Hooks*, 229 S.W. at 1116; *Walker v. Walker*, 448 S.W.2d 171, 173 (Tex. Civ. App.—Waco 1969, writ ref'd n.r.e.). Although Appellant and Carl testified that a rental relationship existed, the jury decided that their testimony was not credible. It is a function of the factfinder to weigh the evidence, draw inferences from the facts, and choose between conflicting inferences. *Hudson v. Winn*, 859 S.W.2d 504 (Tex. App.—Houston [1st Dist.] 1993, writ denied). The record merely indicates a factual dispute on the issue of consideration, which the jury resolved in Appellees' favor. Based on the above evidence, the jury had factually sufficient evidence that Appellees paid the agreed consideration.

## VI. Conclusion

The evidence that we have outlined is legally sufficient to support the jury's verdict in Jury Question No. 5 that Appellees made valuable and substantial improvements to the property with Appellant's knowledge and consent. It also is sufficient to raise fact issues that support the trial court's ruling on the motion for directed verdict. We overrule Appellant's Issue No. 1.

We also cannot say that the evidence in support of the jury's answer to Question No. 4 is so weak as to be clearly wrong and unjust or so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Under a legal sufficiency or factual sufficiency review, the result is the same. We overrule Appellant's Issue No. 2.

## VII. This Court's Ruling

We affirm the trial court's judgment.


MIKE WILLSON

JUSTICE


April 4, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

10