**Franklin BELKNAP, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 19255.**

Court of Civil Appeals of Texas, Dallas.

Sept. 14, 1977.

Robert P. Woodruff, Woodruff & Ellis, Dallas, for appellant.

Catherine A. Gerhauser, Burford, Ryburn & Ford, Dallas, for appellee.

ROBERTSON, Justice.

This is an appeal from a summary judgment for an insurance carrier in a workman's compensation proceeding. Texas Employers' Insurance Association sued to set aside an award of the Industrial Accident Board in favor of Franklin Belknap. Belknap answered and filed a cross-action for workman's compensation based upon repetitious trauma. The insurance company moved for summary judgment, contending that Belknap failed to give timely notice of injury. The trial court granted the motion and denied all relief claimed by Belknap. We reverse and remand the case for trial.

Section 4a of article 8307, Texas Revised Civil Statutes Annotated (Vernon 1967), provides:

> Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, . . . .. [Emphasis added]

Belknap contends that his employer had knowledge of his injury and that the affidavits filed in support of the motion for summary judgment do not conclusively negate the existence of that knowledge. We agree. When an employer actually knows of an employee's injury, formal notice is not required, *Miller v. Texas Employers' Ins. Ass'n*, 488 S.W.2d 489, 492 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.), and knowledge of the injury by a foreman or other supervisory employee is the equivalent of knowledge by the employer. *Twin City Fire Ins. Co. v. Gibson*, 488 S.W.2d 565, 573 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.). Accordingly, in order to support its summary judgment, the insur-

ance company must have conclusively demonstrated that none of the employer's supervisory personnel had knowledge of Belknap's injury. This burden has not been met.

The insurance company's motion for summary judgment was supported by affidavits of Belknap's employer, his supervisor, and claims manager. These affidavits state that Belknap did not give them any notice of his injury. These statements do not exclude the possibility that the employer had other supervisory personnel with knowledge of Belknap's injury. Although the employer, John H. Fulton, stated in his affidavit that none of his supervisory employees had knowledge of the injury, this is merely a conclusion based upon hearsay and is inadequate to establish lack of knowledge upon the part of all supervisory employees. Evidence amounting to nothing more than opinions and conclusions is not sufficient to establish a contention as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 829 (Tex.1970); *Booher v. Criswell*, 531 S.W.2d 844, 845 (Tex.Civ.App.—Dallas 1975, no writ). We recognize the difficulty of establishing the negative of an issue by summary-judgment proof, but it is not impossible to meet that burden. The affidavits here indicate that more specific information is available concerning the identity of supervisory employees who might have occasion to be in contact with the plaintiff in the course of their duties. Since the insurance company has not met its burden to establish lack of knowledge as a matter of law, we conclude that rendition of summary judgment was improper.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.