**Novella ROBICHEAUX, Appellant,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Appellee.**

**No. 1748.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 22, 1978.

Gerald J. Goodwin, Brock, Williams & Boyd, Houston, for appellant.

Edward J. Hennessy, Randall D. Wilkins, Thurlow & Hennessy, Houston, for appellee.

COULSON, Justice.

Plaintiff Novella Robicheaux appeals from a judgment entered in favor of defendant Aetna Casualty and Surety Company in a Workmen's Compensation case stemming from a back injury. We affirm.

In its answer Aetna included a verified denial that the plaintiff had timely filed her claim. Timely filing of a claim is essential to the maintenance of a suit for workmen's compensation, save in those cases where the requirement is waived upon a showing of good cause. Tex.Rev.Civ.Stat. Ann., art. 8307, § 4a (1967). As a result of the defendant's verified denial this matter was put in issue, and the claimant had the

burden of pleading and proving that she timely presented her claim to the Texas Industrial Accident Board and that if there was a delay in the filing, good cause existed for it. *Lee v. Houston Fire & Cas. Ins. Co.,* 530 S.W.2d 294 (Tex.Sup.1975).

It is uncontested that roughly seventeen months elapsed between the date when the plaintiff was injured and the date when she filed her claim with the Industrial Accident Board. This would normally bar suit on a claim unless the good cause exception applies. The plaintiff, however, argues that under the tolling provisions of article 8307, section 7a, the six-month limitation period never commenced because her employer, though it had knowledge of her injury, failed to file a report of it as required by section 7 of article 8307.

The flaw in the plaintiff's argument is that though she had the burden of proving that section 7a applies, she failed to establish certain elements of its applicability. As was recently held, section 7a applies only when the employer is required to file a report under section 7, which is to say, only when the employee is absent from work more than one day out of the first eight days after the accident. *Lowe v. Pacific Emp. Indem. Co.,* 559 S.W.2d 370 (Tex.Civ. App.—Dallas 1977, no writ history).

Despite having the burden of proving absence from work, the plaintiff requested no special issues on it; as such, it was waived unless it was conclusively established under the evidence presented. Tex.R.Civ.P. 279. The plaintiff's evidence failed to meet that test. The testimony of Charles Long, personnel director for plaintiff's employer, and the plaintiff's time cards, though somewhat unclear, were sufficient to raise a fact issue on whether the plaintiff was absent from work during the first eight days after her accident.

Similarly, the plaintiff did not conclusively prove that her employer failed to file a report with the Industrial Accident Board.

It remains, of course, that she could show good cause for her failure to file. To that end she offered evidence tending to show that she believed her injuries were due to causes other than the fall she sustained while at her job, and that this caused her to delay the filing of her claim. Specifically, she offered evidence that she had been told by her physicians that her troubles were gynecological in nature. In contrast to this, however, was evidence that the plaintiff's physical problems only became serious after her fall, testimony by the plaintiff that she was immediately aware that she had hurt herself in the fall, and evidence that she did not file a claim for compensation until approximately seven months after a hysterectomy was performed on her, despite the fact that the hysterectomy did not correct her back troubles. In light of such evidence we hold that the plaintiff failed to establish good cause as a matter of law and that the jury's finding that she did not have good cause was not so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Affirmed.