Francisco **GUERRERO**, Appellant,

v.

**STANDARD ALLOYS MANUFACTUR-ING COMPANY**, Appellee.

No. 8432.

Court of Civil Appeals of Texas, Beaumont.

April 10, 1980.

Rehearing Denied May 15, 1980.

J. B. Whittenburg, Beaumont, Jon Burmeister, Port Arthur, for appellant.

Mehaffy, Weber, Keith & Gonsoulin, James L. Weber, Beaumont, for appellee.

DIES, Chief Justice.

Plaintiff below, Francisco Guerrero, was employed by one Joe Gutierrez described as "a supplier of contract labor." Gutierrez had supplied plaintiff and others to defendant below, Standard Alloys Manufacturing Company. On April 26, 1977, plaintiff lost one finger and part of another while operating a grinding machine. A suit in negligence followed in which the jury found defendant negligent, plaintiff free from negligence, and damages of $125,000. The jury also found that defendant had the right to direct and control the details and methods by which plaintiff was working on the occasion in question. A take nothing judgment was entered, from which plaintiff perfects this appeal. The parties will be referred to herein as they were below or by name.

Plaintiff's first point is "The trial court erred in failing to grant Appellant's [plaintiff's] motion for judgment . . ., since there was no evidence that the Appellee [defendant] was a subscriber under the Worker's Compensation Act, or that Appellee [defendant] carried Worker's Compensation Insurance." Plaintiff also has a point complaining defendant failed to plead compensation coverage.

In *Johnston Testers v. Rangel*, 435 S.W.2d 927, 930–931 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.), the court wrote:

"Defendant pleaded as an alternative defense that plaintiff was a special or borrowed employee of defendant and that his only remedy was provided under the Workmen's Compensation Law, and complains on this appeal that the trial court erred in excluding evidence of its right to control Howell's employees and in failing to submit to the jury defendant's requested issues on borrowed servant. We find no error of the trial court in this regard. It is to be remembered that this is a third party action where the defense is that the employee who has been injured has become the borrowed servant of another and that his exclusive remedy is under the Workmen's Compensation Act. It thus became incumbent on defendant to prove that the person injured was entitled to workmen's compensation benefits. One of the essential elements of proof is that workmen's compensation insurance existed. There is no evidence in the record that defendant was a subscriber under the Workmen's Compensation Law . . . .. In this connection, see *Camco, Incorporated v. Evans*, 377 S.W.2d 703 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.)."

In the case at bar, defendant, Standard Alloys, neither plead nor proved it had Worker's Compensation Insurance. This point is then sustained. This action makes it unnecessary to consider plaintiff's other points.

Defendant's First Cross-point urges plaintiff failed to move for judgment non obstante veredicto, and, therefore, this cause should be remanded, and not rendered.

In the case at bar, the jury's answer to Special Issue No. 4 (the borrowed servant issue), without proof of coverage by compensation, was immaterial. *Johnston Testers v. Rangel*, supra. The court should have set it aside. *McClure v. Casa Claire Apartments, Ltd.*, 560 S.W.2d 457, 460 (Tex.Civ.App.—Beaumont 1977, no writ); 4 R. McDonald, *Texas Civil Practice* § 17.31 (rev. 1971). Plaintiff did file a motion for judgment. The legal effect of a pleading in Texas is not determined by its style or name, but by its contentions and purpose. *Transceiver Corporation of America v. Ring Around Products, Inc.*, 581 S.W.2d 712 (Tex. Civ.App.—Dallas 1979, no writ); *Emmons*

*v. Creditor's Financial Services*, 492 S.W.2d 363 (Tex.Civ.App.—Waco 1973, no writ); *Tex.R.Civ.P. 71*. This cross-point is overruled.

■ Defendant's Second cross-point urges we remand the case in the interest of justice. This we have the power to do, but only if we find error. *Scott v. Liebman*, 404 S.W.2d 288 (Tex.1966); *Port Terminal Railroad Association v. Inge*, 524 S.W.2d 801 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972), appeal after remand, 498 S.W.2d 432 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.); *McClure v. Casa Claire Apartments, Ltd.*, supra; *Bates v. First National Bank of Waco*, 502 S.W.2d 181 (Tex.Civ.App.—Waco 1973, no writ). This point is overruled.

■ Defendant's Third Cross-point asserts the trial court abused its discretion in overruling defendant's motion to reopen the evidence.

The verdict of the jury was returned on May 23, 1979. After the jury was discharged, and, in June, defendant filed its motion to re-open. *Tex.R.Civ.P. 270* allows, but does not require, a judge to permit additional evidence (the word used in the Rule is "may"). It is within the trial court's discretion and will be disturbed on appeal only when clear abuse has been shown. *Binford v. Snyder*, 144 Tex. 134, 189 S.W.2d 471 (1945); *Highlands Underwriters Insurance Co. v. Martin*, 442 S.W.2d 770 (Tex.Civ.App.—Beaumont 1969, no writ); *Kroger v. Cellan*, 560 S.W.2d 505 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.).

Also, the moving party must show diligence in producing the evidence at trial before the evidence is closed. *Kroger v. Cellan*, supra; *Highlands Underwriters Insurance Co. v. Martin*, supra; *Smart v. Missouri-Kansas-Texas Railroad Company*, 560 S.W.2d 216 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.). See also *Matter of Marriage of Murphy*, 561 S.W.2d 592 (Tex.Civ.App.—Amarillo 1978, no writ).

*Tex.R.Civ.P. 270* states: "Provided in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." It appears here the question of compensation coverage of the defendant sued would be "controversial." We find the court did not abuse its discretion, and the defendant did not show diligence. This cross-point is overruled.

Defendant's Cross-point Four contends "[t]he jury's finding of no contributory negligence is contrary to the great weight and preponderance of the evidence. . . ." We have reviewed the entire record as required on this point by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), and finding it without merit, we overrule it.

■ Defendant's Fifth Cross-point contends the jury verdict is excessive. While it is fully adequate, we cannot say it is unconscionable. Defendant has lost several jobs since his injuries and will carry these disabilities the remainder of his life. This cross-point is overruled.

■ Cross-point Six contends the trial court erred in allowing plaintiff to amend his petition after verdict. This point is not briefed. See *Burgess v. Sylvester*, 143 Tex. 25, 182 S.W.2d 358 (1944); *Horwitz v. Finkelstein*, 196 S.W.2d 951 (Tex.Civ.App.—Amarillo 1946, writ ref'd n. r. e.).

However, subject to abuse of discretion, the trial court has this power in Texas. See *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942); *Tom's Toasted Peanuts, Inc. v. Doucette*, 469 S.W.2d 399 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.). This cross-point is overruled.

The judgment of the trial court is reversed, and judgment is now rendered that plaintiff recover of and from defendant the sum and amount of $125,000 plus legal interest from the date of judgment in the trial court until paid.

REVERSED and RENDERED.