**AFFIRMED** and Opinion filed June 15, 1993.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-92-00087-CV

**JAMES R. MOSLEY AND JANICE MOSLEY, Appellants**

**V.**

**EMPLOYERS CASUALTY COMPANY AND ALGAS INDUSTRIES, INC., Appellees**

On Appeal from the 14th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 88-8024-A

## OPINION

Before Justices Baker, Chapman, and Barber
Opinion By Justice Chapman

Appellants James R. Mosley and Janice Mosley appeal an instructed verdict granted in favor of appellees Employers Casualty Company and Algas Industries, Inc. In four points of error, appellants contend that the trial court erred in: (1) granting appellees' motion for instructed verdict; (2) sustaining the hearsay objection of appellee's counsel to Janice Mosley's testimony about notifying appellee Algas of her husband's occupational disease;

(3) granting an instructed verdict against James and overruling appellants' motion for new trial because there was sufficient evidence in the record to submit special issues to the jury on the issue of notice; and (4) granting an instructed verdict against Janice and overruling appellants' motion for new trial because there was sufficient evidence in the record to submit special issues to the jury on the issue that appellee Algas should have believed that its failure to install replacement ventilators was substantially certain to result in injury, harm, or illness to appellant. We overrule appellants' points of error. We affirm the trial court's judgment.

## FACTS

Appellant James Mosley worked for appellee Algas Industries beginning in 1971. From 1985 to 1987, Algas shared a plant site with Fitting Valve Control (FVC). James worked as a painter of industrial parts and machinery. In 1987, James began complaining of headaches. Because of his problems, he visited Dr. Rea on April 13, 1987. Dr. Rea diagnosed occupational toxic disease. James then filed a workers' compensation claim and received a benefits award from the Industrial Accident Board. Appellee Employers Casualty Company filed suit to set aside the award. James filed a cross-action, which included his wife, appellant Janice's claim against Algas for intentional impairment of consortium. The trial court granted appellees' motion for instructed verdict. This appeal follows.

## ANALYSIS

### A. Granting of Appellees' Instructed Verdict and Denial of Appellants' Motion for New Trial

In three points of error, appellants contend that the trial court erred in granting appellees' instructed verdict and denying appellants' motion for new trial. First, appellants claim that there is sufficient evidence to submit special issues on notice to the jury. Second, appellants argue that there is sufficient evidence to submit special issues on whether appellee Algas should have believed that its failure to replace ventilators was substantially certain to result in injury to James Mosley.

### 1. Standard of Review

An instructed verdict is proper:

> (1) when a defect in the opponent's pleadings makes them insufficient to support a judgment;
>
> (2) when the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law; or
>
> (3) when the evidence offered on a cause of action is insufficient to raise an issue of fact.

*McCarley v. Hopkins*, 687 S.W.2d 510, 512 (Tex. App.--Houston [1st Dist.] 1985, no writ).

In reviewing the granting of an instructed verdict by the trial court on an evidentiary basis, the reviewing court will determine whether there is any evidence of probative force to raise fact issues on the material questions presented. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex. 1978). We must consider all of the evidence in the light most favorable to the

party against whom the verdict was instructed, discarding all contrary evidence and inferences. *Collora*, 574 S.W.2d at 68.

A trial court has broad discretion in granting a new trial, before or after judgment. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988). A trial court may use its discretion to grant a new trial "in the interest of justice." *Champion Int'l Corp.*, 762 S.W.2d at 899.

## 2. Application of Law to Facts

### a. Evidence to Support Special Issue of Notice

Appellants contend that there was sufficient evidence in the record to submit special issues to the jury on the issue of notice. In order to make a claim for workers' compensation, an employee must give notice of injury to the association or subscriber within thirty days after the happening of an injury or the first distinct manifestation of an occupational disease. Tex. Rev. Civ. Stat. Ann. art. 8307, §4a (Vernon 1988). The first distinct manifestation means the first time the claimant knew, or should have known, that he had an occupational disease. *Travelers Ins. Co. v. Miller*, 390 S.W.2d 284, 288 (Tex. Civ. App.--El Paso 1965, no writ).

Appellants claim that James presented himself for medical diagnosis on April 13, 1987. Dr. Alfred Johnson testified that his partner, Dr. Rea, first diagnosed James' toxic occupational disease on April 13, 1987. Dr. Johnson also testified that James sustained his disease in the course and scope of his employment with Algas Industries.

-4-

Appellant's own evidence established that the first distinct manifestation of the occupational disease began two to three years before his April 13, 1987 visit to Dr. Rea. James filled out an illness questionnaire on the date of his first visit. He listed his symptoms as headaches, fatigue, chest pains, and a clogged throat. He also listed chemicals that he was exposed to at work. He noted that his symptoms began two or three years earlier and were the result of exposure to chemicals. Dr. Johnson testified that a reasonably prudent person may not recognize a toxic disease until it has been diagnosed by a physician. However, the evidence conclusively establishes that James knew before his visit that his symptoms, beginning two or three years before, were a result of exposure to chemicals at his work place.

Further, James contends that he told Jeannie Gomez about his headaches approximately two months before his first visit to Dr. Rea. Gomez testified that she worked for Fitting Valve and Control (FVC), which shared a plant location with Algas. She stated that employees of FVC and Algas went to her if they were ill. She testified that she was unsure of the exact date, but that James came to her complaining of headaches a "few months" before the factory closed in June of 1987. Gomez testified that she did not work for Algas. Appellant claims that Gomez's testimony was further proof that James gave timely notice to appellees. We disagree. There is no evidence in the record to indicate that Gomez was the proper agent of Algas to receive notice of work-related injuries. We believe that reasonable minds cannot differ in concluding from the evidence that James Mosley first

suffered from occupational disease two or three years before his visit to Dr. Rea and that he knew that his symptoms were work related. We overrule appellants' third point of error.

### b. Evidence of Algas' Intentional Acts

Appellants also contend that the trial court erred in granting an instructed verdict in favor of appellees and overruling Janice Mosley's motion for new trial. Appellants believe that there was sufficient evidence in the record to submit special issues to the jury on the issue that appellant Algas Industries should have believed that its failure to install replacement ventilators was substantially certain to result in injury, harm, or illness to appellant. The trial court ruled that Janice Mosley's claim was limited to intentional impairment of consortium. Appellant's point of error asserts that appellee acted negligently. Although appellant's point of error did not properly challenge the trial court's ruling, we will address appellant's point as it concerns intentional acts of appellee Algas.

Appellants contend that Algas' intentional act was its failure to install new ventilators and to provide other forms of ventilation for the toxic fumes. Appellants presented no evidence to show that any employee, supervisor, or representative of Algas knew that the ventilators needed to be replaced. Appellant presented a photograph taken by Janice Mosley of a ventilator which she was told "was supposed to be on top of the machine." Appellant claims that Algas employees testified that their employer failed to install new ventilators and left them on the floor. However, appellants presented no other evidence to substantiate their claims of intentional misconduct. Appellants offered no evidence that

Algas intentionally failed to install new ventilators and that Algas knew of the dangerous conditions. When evidence of a vital fact is so weak as to no more than create a mere surmise or suspicion of its existence, such evidence is in legal effect no evidence. *Seideneck v. Cal Bayreuther Assoc.*, 451 S.W.2d 752, 755 (Tex. 1970). We overrule appellants' first and fourth points of error.

### B. Exclusion of Janice Mosley's Testimony on Issue of Notice

In their second point of error, appellants contend that the trial court erred in sustaining the hearsay objection to appellant Janice Mosley's testimony about notifying appellee Algas Industries, of her husband's occupational disease. Appellants contend that Janice's testimony concerned the issue of notice. Appellants failed to make an offer of proof upon the trial court's sustaining appellee's objection to Janice's testimony. No error was preserved for appellate review. TEX. R. APP. P. 52(b); TEX. R. CIV. EVID. 103(a)(2); *Posner v. Dallas County Child Welfare*, 784 S.W.2d 585, 588 (Tex. App.--Eastland 1990, writ denied). We overrule appellant's second point of error.

We affirm the trial court's judgment.

RON CHAPMAN
JUSTICE

Do Not Publish
Tex. R. App. P. 90
920087F.U05

-7-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES R. MOSLEY AND JANICE MOSLEY, Appellants

No. 05-92-00087-CV      V.

EMPLOYERS CASUALY COMPANY and ALGAS INDUSTRIES, INC., Appellees

Appeal from the 14th Judicial Court of Dallas County, Texas. (Tr.Ct.No. 88-8024-A).

Opinion delivered by Justice Chapman, Justices Baker and Barber also participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 15, 1993.

_____
RON CHAPMAN
JUSTICE