Jose APRESA, Appellant,

v.

MONTFORT INSURANCE COMPANY, Appellee.

No. 08–95–00017–CV.

Court of Appeals of Texas, El Paso.

Sept. 26, 1996.

Rehearing Overruled Oct. 23, 1996.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a workers' compensation case wherein the jury found that Appellant failed to give requisite notice of his claim to the Industrial Accident Board within one year of the date of the accident. We affirm the judgment of the trial court.

### I. PROCEDURAL HISTORY

This appeal turns primarily on the actions and/or inactions of Appellant's trial counsel in failing to present evidence of timely notice to the Industrial Accident Board ("IAB") within one year of the date of Appellant's unfortunate accident. The record in the instant case shows that Appellant, through counsel, failed to properly provide information requested in response to interrogatories, failed to supplement those deficient interrogatories in that he failed to provide necessary addresses and/or telephone numbers of witnesses, failed to specify any expert witness's opinion as to extent and duration of incapacity, and failed to properly supplement the interrogatories. The record further shows that Appellee specially denied, pursuant to TEX.R.CIV.P. 93, that notice of injury and claim for compensation were timely filed with the IAB. Although clearly and openly put on notice that the issue of timeliness in the filing of the requisite notice of injury would be contested, Appellant, through counsel, put on his case-in-chief and rested without presenting any evidence concerning the filing of his claim for compensation. The details of the above deficiencies are discussed below.

### A. Appellant's Discovery Error

Appellee filed suit on November 19, 1991, appealing an Industrial Accident Board ("IAB") award in favor of Appellant arising out of an alleged injury sustained by Appellant on March 27, 1990.[1] After the parties announced ready for trial, Appellee moved to exclude Appellant from calling any witnesses at trial because, in response to Appellee's interrogatories, Appellant failed to properly

Mannie Kalman, Dick Stengel, attorney on appeal only, El Paso, for Appellant.

Bill C. Anderson, Steven L. Hughes, Mounce & Galatzan, El Paso, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

---

1. As Appellant's injury occurred on March 27, 1990, it was governed by the old Workers' Compensation Act. See TEX.REV.CIV.STAT. ANN. art. 8307, § 4a (Vernon 1967) (repealed by Act of 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(10), 1989 Tex.Gen.Laws 114)(current version at TEX.LAB. CODE § 409.001–.004 (Supp.1995)).

provide information requested and failed to supplement the deficient interrogatories. Appellee's interrogatories, and Appellant's deficient responses thereto, are provided as follows:

*Interrogatory No. 15:*

If you intend to call expert witnesses at the trial:

(a) *Give the names and addresses* of all expert witnesses you intend to call and the subject matter to which the expert witnesses are expected to testify. Please specify the expert witness' opinion as to extent and duration of incapacity, if any. [Emphasis added]

(b) Attach a copy of all reports received from such expert witnesses.

*Answer:*

(a) Drs. Eduardo Hazarian, K. Zolfoghary, T.P. Rajashekhar, Lyn Neil, Toni Ghiselli, R.R. Jaurenek

(b) Medical records are attached.

*Interrogatory No. 18:*

*Please state the name, address and telephone number* of any person who has or may have potential knowledge of the relevant facts of this lawsuit. [Emphasis added].

*Answer:* Magdaleno Vasquez, Benjamin Ochoa, Jose A. Apresa

Because Appellant failed to provide addresses and/or telephone numbers of the witnesses, failed to specify any expert witness's opinion as to extent and duration of incapacity, and failed to properly supplement, the trial court excluded Appellant from calling any witnesses at trial, save for Appellant himself.

### B.  Appellant's Trial Error

After the parties were realigned, Appellant's counterclaim alleged a timely filed claim for compensation with the IAB, or alternatively, good cause for late filing. On July 8, 1994, ten days prior to trial, Appellee filed an amended answer in which Appellee specifically denied, pursuant to Tex.R.Civ.P. 93,[2] that Appellant's notice of injury and claim for compensation were timely filed with the IAB.

At trial, Appellant made a second, this time fatal, mistake. Appellant put on his case-in-chief and rested without presenting any evidence concerning the filing of his claim for compensation. Thereafter, during Appellee's case-in-chief, the trial court and the parties, outside the presence of the jury, discussed the matter. Appellee apprised the trial court that it was Appellant's burden to prove timely filing because Appellee had specifically denied that Appellant had timely filed his claim for compensation. In response, Appellant asserted that the copy of the claim he had attached to his answers to interrogatories showed the date of filing. To counter Appellant's assertions, Appellee's counsel, outside the presence of the jury, was sworn in and testified that the documentation received "included a Notice of Injury and Claim for Compensation apparently signed by Mr. Apresa, but it did not contain a date of signing, nor any indication as to when it was received by the Texas Workers' Compensation Commission."

The trial court, in determining whether to allow Appellant to reopen his case and still outside the presence of the jury, allowed William Elias, the attorney who had handled Appellant's claim before the IAB, to testify. Mr. Elias testified that he had submitted a claim for compensation to the IAB on May 7, 1991, and that he had forwarded a copy of that claim for compensation to Appellee. Appellant then requested the court to reopen the evidence to allow either Appellant or Mr. Elias to testify concerning the notice of injury. The trial judge, clearly troubled by the import of his decision, denied Appellant's request:

---

**2.** Rule 93, Texas Rules of Civil Procedure, requires that certain pleas, unless the truth of such matters appear of record, shall be verified by affidavit. *Reyna v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 883 S.W.2d 368, 370 (Tex. App.—El Paso 1994, no writ), *rev'd on other grounds,* 897 S.W.2d 777 (Tex.1995). Rule 93 contains sixteen subsections concerning certain matters that require verification by affidavit. Subsection 13 concerns cases appealed to court from the IAB and includes eight subdivisions. Rule 93(13) provides that certain pleaded matters in cases appealed to the court from the IAB shall be presumed to be true as pleaded and have been filed timely unless denied by verified pleadings. Tex.R.Civ.P. 93(13).

MR. ANDERSON: Judge, I'm going to object to the reopening of the evidence. There has been no showing of diligence to produce the evidence during his case in chief.

THE COURT: I'm going to sustain it. I have to, Mr. Kalman. I hate to do it. I don't like it. I cannot stand it. I looked for every way to get around it. I can't do it. And, you know, I'm going to do that.

MR. KALMAN: Well, Your Honor, for the record, the only time this issue was raised is when Mr. Anderson—

THE COURT: It was raised by a verified pleading that you had before this trial started.

Thereafter, Appellee rested its case, and the case was given to the jury.

Despite Appellant's deficiencies in complying with discovery requests and the trial court's ruling to disallow all witnesses but Appellant, Appellant received favorable jury findings on total and permanent disability and wage rate. However, due to Appellant's failure to put forth evidence concerning the filing of his claim for compensation, the jury found that Appellant failed to give requisite notice of his claim to the Texas Workers' Compensation Commission within one year of the date of the injury. As a result, judgment was signed and entered in favor of Appellee.

## II. DISCUSSION

■ In his sole point of error, Appellant alleges that the trial court erred in not permitting Appellant's attorney to testify and to place before the jury evidence on the issue of notice to the IAB. Appellant contends that the trial court's refusal to allow said testimony and evidence effectively denied him the right to a fair trial.

■ The question of whether evidence should be admitted or excluded during trial is generally within the sound discretion of the trial court. *Fandey v. Lee,* 880 S.W.2d 164, 168 (Tex.App.—El Paso 1994, writ denied); *Ethicon, Inc. v. Martinez,* 835 S.W.2d 826, 831 (Tex.App.—Austin 1992, writ denied). Thus, we review the complained of evidentiary rulings in this case under the abuse of discretion standard. *Fandey,* 880

S.W.2d at 168; *Ethicon, Inc.,* 835 S.W.2d at 831. The test for abuse of discretion is not whether, in our opinion, the facts present an appropriate case for the trial court's actions. *Fandey,* 880 S.W.2d at 168. Rather, it is a question of whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In other words, we must determine whether the court's rulings were arbitrary or unreasonable. *Downer,* 701 S.W.2d at 242. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer,* 701 S.W.2d at 242. Nor does a mere error of judgment amount to an abuse of discretion. *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989).

■ The issue before us is governed by TEX.R.CIV.P. 270, which provides as follows:

When it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury.

After having rested his case, the right of a party to reopen it and introduce additional evidence is a question addressed to the sound discretion of the trial court. *Binford v. Snyder,* 144 Tex. 134, 189 S.W.2d 471, 476 (1945); *Turner v. Lone Star Indus., Inc.,* 733 S.W.2d 242, 245 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Word of Faith World Outreach v. Oechsner,* 669 S.W.2d 364, 366 (Tex. App.—Dallas 1984, no writ). The trial judge should liberally exercise his discretion to permit both sides to fully develop their case. *Lifestyle Mobile Homes v. Ricks,* 653 S.W.2d 602, 604 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.); *Zodiac Corp. v. General Elec. Credit Corp.,* 566 S.W.2d 341, 346–47 (Tex. Civ.App.—Tyler 1978, no writ). The trial court's decision should only be overturned for clear abuse. *Matador Pipelines, Inc. v. Thomas,* 650 S.W.2d 945, 948 (Tex.App.— Houston [14th Dist.] 1983, writ ref'd n.r.e.).

"A trial court does not abuse its discretion by refusing to reopen a case after evidence is closed, particularly where the party seeking to reopen has not shown diligence in attempting to produce the evidence in a timely fashion." *McNamara v. Fulks*, 855 S.W.2d 782, 784 (Tex.App.—El Paso 1993, no writ); *see Guerrero v. Standard Alloys Mfg. Co.*, 598 S.W.2d 656, 658 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.); *Smart v. Mo.-Kan.-Tex.R.R.*, 560 S.W.2d 216, 217 (Tex.Civ. App.—Tyler 1977, writ ref'd n.r.e.)(asserting that "there must be a showing of diligence upon the part of the moving party" in requesting court to allow a party to reopen his case after resting).

In offering the testimony of Appellant's attorney on the issue of notice to the IAB, Appellant has failed to show due diligence. Ten days before trial, Appellee specifically denied, in a pleading verified by affidavit, that Appellant had timely filed his claim for compensation. As a result of Appellee's verified denial, this matter was put in issue and Appellant had the burden of pleading and proving that he timely presented his claim to the IAB and that if there was a delay in the filing, good cause existed for it. *Robicheaux v. Aetna Casualty & Sur. Co.*, 562 S.W.2d 568, 569–70 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ); *see Lee v. Houston Fire & Casualty Ins. Co.*, 530 S.W.2d 294, 295–96 (Tex.1975); TEX.R.CIV.P. 93(13) ("In case of such denial the things so denied shall not be presumed to be true, and if essential to the case of the party alleging them, must be proved."). Despite the fact that Appellant was put on notice before trial that he would be required to prove timely filing, Appellant failed to put on any evidence of this necessary element of his claim. Only after resting his case and being informed by Appellee that the notice of injury and claim for compensation did not contain a date of signing or indication as to when it was received by the IAB did Appellant attempt to proffer the necessary evidence. Based on the above facts, we cannot say the trial court acted without reference to any guiding rules or principles in refusing to reopen the evidence. As such, we find no abuse of discretion by the trial court.

Appellant cites *U.S. Fire Ins. Co. v. Ramos*, 863 S.W.2d 534 (Tex.App.—El Paso 1993, writ denied) and other cases for his assertion that notice or knowledge of the injury to the employer waives any requirement that the claimant timely file a claim of compensation with the IAB. However, these cases deal with a different notice requirement within the scheme of TEX.REV.CIV.STAT. ANN. art. 8307, § 4a (Vernon 1967).

The former Texas Workmen's Compensation Law, Article 8307, § 4a set forth two deadlines. First, in order to make a claim for workers' compensation, an employee must give notice of injury to the association or subscriber within thirty days after the happening of an injury or the first distinct manifestation of an occupational disease. *See Mosley v. Employers Casualty Co.*, 873 S.W.2d 715, 717 (Tex.App.—Dallas 1993, writ denied). Second, the Texas Workers' Compensation Act required that an employee file his claim for compensation within one year of the date of injury, or show good cause for failing to do so. *See* TEX.REV.CIV.STAT. ANN. art. 8307, § 4a (Vernon 1967) (repealed by Act of 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(10), 1989 Tex.Gen.Laws 114) (current version at TEX.LAB.CODE § 409.001–.004 (Supp.1995)); *see also National Union Fire Ins. Co. of Pittsburgh, Pa. v. Reyna*, 897 S.W.2d 777, 778 (Tex.1995).

Appellant's reliance on the *Ramos* line of precedent is misplaced. These cases hold that the *thirty-day notice* requirement is not mandated when an employer actually knows of an employee's injury. *See, e.g, DeAnda v. Home Ins. Co.*, 618 S.W.2d 529, 532 (Tex. 1980); *Ramos*, 863 S.W.2d at 538; *Belknap v. Texas Employers' Ins. Ass'n*, 556 S.W.2d 587, 588 (Tex.Civ.App.—Dallas 1977, no writ); *Twin City Fire Ins. Co. v. Gibson*, 488 S.W.2d 565, 573 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.); *Federal Underwriters Exchange v. Ener*, 126 S.W.2d 769, 774 (Tex. Civ.App.—Beaumont 1939, no writ). These cases do not hold, nor are we aware of a Texas decision which holds, that a claimant need not file a claim for compensation with the IAB within one year of the injury if the employer has knowledge of the injury. Were this the law, the one-year notice requirement

of Article 8307, § 4a would have largely been rendered moot.

■ Finally, without citing any authority, Appellant contends that the trial court should have allowed Mr. Elias to testify as a rebuttal witness. Although not specified in his brief, Appellant apparently alleges that because Appellee's attorney testified to the court, outside the presence of the jury, on the issue of notice, Mr. Elias, who also testified outside the presence of the jury, should have been placed before the jury as rebuttal to the testimony of Appellee's attorney.

Appellant misinterprets the meaning of rebuttal evidence. "Rebuttal evidence is evidence given to disprove facts *given in evidence* by an adverse party." *Valley Indus., Inc. v. Cook,* 767 S.W.2d 458, 462 (Tex.App.—Dallas 1988, writ denied)[emphasis added]; *see Greenstein, Logan & Co. v. Burgess Mktg., Inc.,* 744 S.W.2d 170, 179 (Tex.App.—Waco 1987, writ denied) (noting that rebuttal testimony is limited "to those issues which were placed in conflict by the adverse party's evidence during the case-in-chief"). In the instant case, because Appellee's attorney and Mr. Elias testified to the court outside the presence of the jury, there was no testimony before the jury to rebut. As such, the trial court correctly found that Mr. Elias could not be called as a rebuttal witness. Accordingly, because we find no abuse of discretion by the trial court, Appellant's Point of Error No. One is overruled. We affirm the judgment of the trial court.

LARSEN, J., dissents.

LARSEN, Justice, dissenting.

I respectfully dissent, as I believe the trial court abused its discretion in refusing plaintiff the opportunity to reopen his evidence to prove a simple, technical point essential to his case.

The majority correctly recites the first prong of our standard for reviewing the trial court's decision on reopening evidence under Tex.R.Civ.P. 270:

It is well established that in considering appeals based on rule 270 that the question of re-opening a case for the purpose of admitting additional evidence is within the sound discretion of the trial judge, and his action refusing to permit a party to reopen for such purpose should not be disturbed by an appellate court unless it clearly appears that such discretion has been abused. *Word of Faith World Outreach Center Church, Inc. v. Oechsner,* 669 S.W.2d 364, 366 (1984), *citing Guerrero v. Standard Alloys Manufacturing Co.,* 598 S.W.2d 656 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

But it then gives short shrift to the second prong of that standard, which is:

However, such discretion should be liberally exercised in the interest of permitting both sides to fully develop the case in the interest of justice. *Word of Faith World Outreach,* 669 S.W.2d at 366–367, citing *Barrier v. Beavers,* 531 S.W.2d 191, 193 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.); *Papco, Inc. v. Eaton,* 522 S.W.2d 538, 543 (Tex.Civ.App.—Texarkana 1975, no writ).

Indeed, it appears that in some Rule 270 situations the trial court's discretion is very limited:

Ordinarily it lies within the trial court's discretion to reopen a case for the reception of additional testimony. But there are occasions when *it is the duty of the trial court to grant such a request,* especially when the proffered testimony is decisive, its reception will not cause any undue delay, or do an injustice. *Hill v. Melton,* 311 S.W.2d 496, 500 (Tex.Civ.App.—Dallas 1958, writ dism'd); *accord Word of Faith Outreach,* 669 S.W.2d at 367; *Alkas v. United Savings Assoc.,* 672 S.W.2d 852, 860 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Thus, our analysis should include more than just the single factor upon which the majority focuses, whether plaintiff established a diligent attempt to present evidence of filing a claim with the IAB during his case-in-chief.[1] Instead, I believe our review

---

1. I hastily acknowledge he failed to do so, and under these facts could never have done so. The

only explanation for this failure is that plaintiff's

should contain all the factors listed in *Hill v. Melton*. A party seeking to reopen evidence should show: (1) the proffered testimony is decisive; (2) the party was diligent in producing the evidence *before closing;* (3) its reception will not cause any undue delay; and (4) refusing to allow additional evidence will result in an injustice. *See* O'CONNOR'S TEXAS RULES * CIVIL TRIALS (1994) p. 653 § 2.2. Three of these factors are inarguably present here. As to the diligence factor, which is certainly the most problematic in this case, it is my belief that the majority does not properly analyze this diligence requirement in the context of TEX.R.CIV.P. 270. My reasoning follows.

### Decisive

But for the jury's adverse finding on notice to the IAB, plaintiff would have prevailed with a judgment for total and permanent disability. Because of the adverse finding, he lost a judgment for past and future loss of wage earning capacity, and more importantly he lost the right to lifetime medical coverage such a judgment would have provided. The proffered testimony of attorney Elias was clear and concise on the issue of timely filing with the IAB. The evidence was decisive.

### No undue delay

The jury had not retired, and although plaintiff had rested, neither side had closed its evidence. The witness who would have provided the requested evidence was present in the courtroom, and indeed gave the relevant testimony outside the jury's presence. The proposed evidence was confined to one simple, discreet issue. Delay was not a factor here.

### Prevent injustice

This is a case where insurance counsel's knowledge of technical pleading rules converged with plaintiff's counsel's apparent lack of experience to create a sad disparity at trial.[2] The equities here clearly favored reopening the evidence, allowing both sides to fully develop the case. The insurance carrier did not contend that it was harmed by any notice defect. Indeed, the carrier did not even assert that plaintiff actually failed to file his notice of claim within one year; rather, it relied solely upon plaintiff's failure to timely prove the issue. Late filing, and therefore good cause, were never real issues in the case. Had plaintiff's copy of his notice of claim, attached to his answers to interrogatories, been file-stamped by the IAB, no evidence on this issue would have been needed. Plaintiff could not fully develop his case because of the trial court's ruling here; that is precisely the injustice Rule 270 is meant to foreclose.

### Diligence

Finally, I believe the majority misapplies the diligence requirement. It focuses solely upon plaintiff's (or more realistically, plaintiff's counsel's) failure to present crucial notice of claim evidence during his case-in-chief. If TEX.R.CIV.P. 270 required plaintiff to show a diligent attempt to present the omitted evidence during his case-in-chief, however, the rule would serve little purpose. In the panglossian world envisioned by the majority, all parties would be thoroughly prepared, unrattleable, and impervious to memory lapses. Rule 270 would never be needed. That the rule exists at all belies the harsh diligence standard employed by the majority. Rather, the rule's intent is to prevent manifest injustice where a party, through oversight, inadvertence or misunderstanding of the issues, has failed to put on evidence which is both necessary and available.

I believe the Rule 270 diligence requirement applies chiefly after Rule 270 becomes applicable; that is, after a party rests *and* closes its case. This is reflected in language discussing the rule: "the moving party must show diligence in producing the evidence at trial before the evidence is *closed." Guerre-*

counsel simply did not understand the import of the verified answer filed by the carrier.

**2.** The majority states that once defendant filed its verified denial, plaintiff "had the burden of pleading and proving that he timely presented his claim to the IAB...." If this means that the majority would require plaintiff to file some pleading refuting the verified answer, I disagree. Plaintiff's live petition at trial alleged a timely filed claim or alternatively good cause for late filing. "Plaintiff need not deny any special matter of defense pleaded by the defendant, but the same shall be regarded as denied unless expressly admitted." TEX.R.CIV.P. 82.

*ro,* 598 S.W.2d at 658; *see also* O'CONNOR'S TEXAS RULES * CIVIL TRIALS p. 653, § 2.2 (1994). Before the jury has retired, it would seem a more lenient standard applies. As the evidence had not been closed here, I question whether the diligence element was relevant at all; rather, Rule 270 requires diligence *after* a rectifiable mistake has been made.

Finally, we should not lose sight that the workers' compensation laws are to be liberally construed in order to confer benefits upon the injured working people of this state. *Stott v. Texas Employers Ins. Ass'n,* 645 S.W.2d 778, 780 (Tex.1983); *Hargrove v. Trinity Universal Insurance Co.,* 152 Tex. 243, 256 S.W.2d 73, 75 (1953). In this case, it must have been clear to the trial court that refusing to allow plaintiff to reopen would insure a take-nothing verdict. Although I sympathize with the trial court's desire to try a clean case and its duty to remain neutral, nevertheless I am left with the strong belief that justice was not served here. No real purpose was served by depriving this plaintiff of benefits to which he was otherwise entitled. I would hold that the trial court was under a duty to reopen the evidence here. For these reasons, I must dissent.