96258cvl.blc.wpd










[WITHDRAWN 10-8-97]





IN THE
TENTH COURT OF APPEALS
 

No. 10-96-258-CV

     EX PARTE TIMOTHY LEE STILES,
                                                                              Appellant
 

From the 40th District Court
Ellis County, Texas
Trial Court # 52794
                                                                                                                

O P I N I O N
                                                                                                                

      The Ellis County District Attorney


 appeals the trial court’s order granting an expunction of
the arrest record of the appellee, Timothy Lee Stiles. In three points of error, appellant claims
the trial court erred in: (1) granting Stiles’ motion to reopen the record, (2) ordering the
expunction because its findings of fact are legally and factually insufficient, and (3) granting the
expunction because its first conclusion of law is incorrect as a matter of law.
I. Factual and Procedural Background
      Timothy Lee Stiles was indicted by an Ellis County grand jury on February 21, 1990 for
sexual assault and indecency with a child. See Tex. Pen. Code Ann. § 22.011 (Vernon 1994 &
Supp. 1997), § 21.11 (Vernon 1994). Subsequently the district attorney learned new information
regarding the complainant’s past sexual conduct. This information had not been presented to the
grand jury, nor had information about the complainant’s psychiatric history been presented
because the district attorney believed it was irrelevant. The new information provided Stiles with
a defense which the district attorney believed would lead to Stiles’ acquittal on the charges filed. 
Therefore, the district attorney went back to the grand jury twice seeking an indictment on
different charges stemming from the same incident. Both grand juries returned a “no-bill,”
refusing to indict Stiles. The district attorney, on June 19, 1990, filed a motion to dismiss the
original indictment claiming that there was insufficient evidence to proceed.
      Stiles filed a petition for expunction of his arrest record in March 1996. See Tex. Crim.
Proc. Code Ann. art. 55.01 (Vernon Supp. 1997). As directed by the Code of Criminal
Procedure, the trial court ordered the clerk to send notice of the expunction hearing to the state
and federal agencies listed in Stiles’ petition. See Tex. Crim. Proc. Code Ann. art. 55.02
(Vernon Supp. 1997). After receiving notice of the petition, the Ellis County District Attorney
filed an answer requesting that Stiles’ petition for expunction be denied.
      At the expunction hearing on April 24, Stiles presented evidence in support of his petition for
expunction, and an assistant district attorney appeared at the hearing to oppose Stiles’ petition. 
On April 26, 1996, the trial judge informed the parties by letter that the petition for expunction
would be denied because Stiles presented no evidence he had not been convicted of a felony in the
five years preceding the date of his arrest. See Tex. Crim. Proc. Code Ann. art. 55.01(a)(2)(C)
(Vernon Supp. 1997). Stiles then petitioned the trial court to reopen the record, or in the
alternative to grant a new trial. The trial judge granted Stiles’ petition to reopen the record at a
hearing on July 9. During this second hearing, Stiles testified that he had never been convicted
of a felony. The trial judge then granted the expunction of Stiles’ arrest record. The last hearing
in the trial court occurred on August 6 when the parties discussed the terms of the order of
expunction, which was signed by the trial judge on that date. At the request of the Ellis County
District Attorney, the trial court also made findings of fact and conclusions of law.
II. Points of Error
      In its first point of error, the Ellis County District Attorney contends that the trial judge
abused his discretion when he granted Stiles’ motion to reopen the record and receive additional 
testimony. Under the Rules of Civil Procedure, in a non-jury case a trial judge is permitted to
receive additional evidence at any time “[w]hen it clearly appears to be necessary to the due
administration of justice.” Tex. R. Civ. P. 270. The test for determining whether the trial judge
abused his discretion in reopening the evidence is if the judge acted without reference to guiding
rules or principles such that the action was arbitrary and unreasonable. Mercedes-Benz Credit
Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996); Apresa v. Montfort Ins. Co., 932 S.W.2d 246,
249 (Tex. App.—El Paso 1996, no writ); Wilemon v. Wilemon, 930 S.W.2d 290, 294 (Tex.
App.—Waco 1996, no writ). A judge’s discretion to reopen the evidence should be exercised
liberally to allow both parties to fully present their case. Apresa, 932 S.W.2d at 249; McCarthy
v. George, 623 S.W.2d 772, 776 (Tex. App.—Fort Worth 1981, writ ref’d n.r.e.). 
      The Ellis County District Attorney argues that Stiles’ motion should not have been granted
because Stiles was not diligent in seeking to present evidence that he had not been convicted of a
felony in the five years before his arrest. The diligence of a party in presenting its evidence is one
factor the trial judge may consider in deciding whether to exercise his discretion and reopen the
evidence. See In re Marriage of Murphy, 561 S.W.2d 592, 593 (Tex. Civ. App.—Amarillo 1978,
no writ); Smart v. Missouri-Kansas-Texas R.R. Co., 560 S.W.2d 216, 217-18 (Tex. Civ.
App.—Tyler 1977, writ ref’d n.r.e.). But, in addition to looking at a party’s diligence, other
factors that the trial judge may properly consider in deciding whether to reopen the evidence are: 
(1) whether the evidence to be introduced is decisive, (2) whether reopening the record will cause
undue delay, and (3) whether granting the motion to reopen the evidence “will cause an injustice.” 
In re A.F., 895 S.W.2d 481, 484 (Tex. App.—Austin 1995, no writ); see Word of Faith World
Outreach Ctr. Church v. Oechsner, 669 S.W.2d 364, 367 (Tex. App.—Dallas 1984, no writ). 
      In the instant case the trial judge did not abuse his discretion in granting Stiles’ motion to
reopen the evidence. The evidence Stiles introduced after the record was reopened was decisive
on the issue of expunction, did not cause undue delay to present, and allowing the reopening
caused no injustice. See id. While it is true that Stiles could have been called to testify as a
witness during the April 24th expunction hearing, it did not cause undue delay in the proceedings
to have another short hearing establishing that Stiles had not been convicted of a felony during the
previous five years. Also, the evidence that Stiles had not been convicted of a felony was decisive
on the issue of expunction because the trial judge’s letter to the parties indicates that this lack of
evidence was the reason for his denying Stiles’ request for an expunction. Moreover, no injustice
was caused by reopening the evidence and allowing Stiles to testify about his criminal record. 
Appellant’s first point is overruled.
      In its second point of error, the Ellis County District Attorney challenges two of the trial
court’s findings of fact for legal sufficiency and four of the findings for factual sufficiency. A trial
judge’s findings of fact may be reviewed for legal and factual sufficiency using the same standards
which are employed to review a jury’s answers to questions in the charge. Westech Eng’g Inc.
v. Clearwater Constructors Inc., 835 S.W.2d 190, 195 (Tex. App.—Austin 1992, no writ). 
      Appellate courts review a legal sufficiency challenge by considering only the evidence and
inferences supporting the trial judge’s findings, while disregarding contrary evidence. Continental
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); Niswanger v. State, 875 S.W.2d
796, 798 (Tex. App.—Waco 1994, no writ). A finding of fact will be upheld on appeal as legally
sufficient if there is more than a scintilla of evidence supporting the finding. Id. 
      In reviewing a factual sufficiency point, this court looks at all the evidence in the record to
determine if the trial court’s finding was so against the great weight and preponderance of the
evidence as to be clearly wrong and unjust. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); 
Niswanger, 875 S.W.2d at 799. In Ortiz the Texas Supreme Court cautioned appellate courts not
to substitute their judgment for that of the fact-finder by disregarding evidence supporting the trial
court’s findings and choosing “to believe witnesses that the fact-finder below found unpersuasive.” 
Ortiz, 917 S.W.2d at 772.
The Trial Court’s Third Finding of Fact
      The Ellis County District Attorney claims that the third finding of fact made by the trial court
is not supported by legally and factually sufficient evidence. This finding of fact is:
Following Petitioner’s arrest, the County Attorney discovered evidence previously
unknown to the County Attorney or the indicting Grand Jury regarding the alleged
victim’s promiscuity. The County Attorney further determined that evidence regarding
the alleged victim’s psychiatric condition which was not presented to the indicting Grand
Jury because of irrelevancy had become relevant to the case.

In order to determine whether this finding is supported by the evidence, we must review the 
relevant testimony of Mary Lou Shipley, who had been the district attorney for Ellis County when
Stiles was indicted. Shipley testified that after the original grand jury returned an indictment
charging Stiles with sexual assault and indecency with a child, she learned additional information
about the complainant’s previous sexual conduct. Shipley stated that this information provided
a defense for Stiles which would result in his acquittal, and it had not been presented to the first
grand jury. Furthermore, Shipley testified that she was aware that the complainant had been
receiving psychiatric care or was institutionalized, but she could not recall exactly when this
information came to her knowledge, except she believed it was before the case was presented to
the grand jury. Shipley also did not recall whether the psychiatric information was presented to
the grand jury at the time of the original indictment, but she stated that it might not have been
presented because she did not believe it was relevant information. 
      It is undisputed that Shipley learned information, which had not been presented to the grand
jury, about the alleged victim’s past sexual conduct which would have given Stiles a defense to
the charges against him. However, the term “promiscuity” was never used during the expunction
hearing, and the appellant claims there is insufficient evidence that the alleged victim engaged in
promiscuous conduct. Prior to the 1993 amendments to the Penal Code, in both sexual assault and
indecency with a child cases, the law provided a defense to these offenses if the alleged victim was
over 14 and had indiscriminately engaged in various sexual activities. Connally v. State, 838
S.W.2d 646, 647 (Tex. App.—Corpus Christi 1992, no writ); see Act of May 27, 1983, 68th
Leg., 1st C.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5314, repealed by, Act of May 29,
1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3618 (sexual assault); Act
of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 918, repealed by,
Act of May 29, 1993, 73rd Leg., R.S., ch. 900, §1.01, 1993 Tex. Gen. Laws 3586, 3616
(indecency with a child). The record does not detail what type of sexual activities the complainant
engaged in, but if Stiles proved at trial that these acts reached the level of “promiscuity” this
would be a defense to both charged offenses. We find that Shipley’s statements provide legally
and factually sufficient evidence to allow the trial judge to reasonably infer that “promiscuity” was
the defense referred to by Shipley which was created by the alleged victim’s past sexual conduct. 
The trial judge could easily determine that evidence about the victim’s past sexual behavior would
not be relevant to the other defenses created by the Penal Code.
      Furthermore, we find there is legally and factually sufficient evidence supporting the trial
court’s finding that information regarding the complainant’s psychiatric condition was not
presented to the original grand jury because it was believed irrelevant, but it was later deemed
relevant. Shipley testified that she could not recall exactly when she learned about the alleged
victim’s psychiatric history but stated that this information may not have been presented to the
original grand jury because she believed it was irrelevant. The trial judge, in weighing the
credibility of the witness, could reasonably infer from Shipley’s statements that the original grand
jury had not been told about the complainant’s psychiatric history because of Shipley’s belief that
it was irrelevant. The record does not directly reflect that the district attorney later determined
that this evidence was relevant, but this finding can reasonably be inferred from the evidence. 
Stiles’ ability to impeach the victim’s credibility at trial with information about her past mental
health problems would have to be relevant information to be considered by the district attorney
in deciding whether to dismiss the indictment or proceed to trial.
The Trial Court’s Fifth and Seventh Findings of Fact 
      The Ellis County District Attorney contends that the trial court’s fifth and seventh findings
of fact are not supported by factually sufficient evidence. These findings are: 
5. The County Attorney opined that, with the additional evidence, the Petitioner would
be acquitted of the charges.
. . . .
7. The County Attorney then moved to dismiss the February 21, 1990 indictment for
“insufficient evidence” and because a trial would result in an acquittal. The Court
dismissed the indictment on June 19, 1990. 

From our review of Shipley’s testimony, it seems evident that the these findings are not contrary
to the great weight and preponderance of the evidence. On direct examination Shipley was asked
if she believed the new information obtained after the indictment would result in an acquittal of
the original indictment, and she responded “Yes. Because of the defenses that it would allow.” 
Then in response to a follow-up question Shipley stated: “I did believe that the new information
would result--or could result in an acquittal.” From these two statements the trial judge could
easily conclude that Shipley believed the new information would result in Stiles’ acquittal. 
Furthermore, the record reflects that the trial court dismissed the February 21, 1990 indictment
on June 19, 1990 for the stated reason that there was insufficient evidence to proceed, as found
in the seventh finding of fact.
The Trial Court’s Sixth Finding of Fact 
      The Ellis County District Attorney attacks the trial court’s sixth finding on both legal and
factual sufficiency grounds. The sixth finding held that: 
The County Attorney then presented all evidence, including the additional evidence of
the alleged victim’s promiscuity and psychiatric condition, to the Grand Jury on two
subsequent occasions. Each time a “No Bill” was returned.

We hold that there is legally and factually sufficient evidence supporting this finding. Shipley
stated that after the original indictment was returned she presented to the second grand jury “other
information” in seeking an indictment on different charges, but the grand jury refused to indict. 
When Shipley went before the grand jury for a third time to seek an indictment on different
charges, the grand jury again refused to indict. 
      The Ellis County District Attorney disputes that there is sufficient evidence showing what
“other information” was presented to both of these grand juries. We find that the trial judge could
reasonably infer that evidence about the complainant’s past sexual conduct was presented to both
subsequent grand juries. Shipley stated that she did not learn of this information until after the
original indictment was returned and that the nature of this evidence caused her to return to the
grand jury to seek a new indictment. She remembered that information about the complainant’s
past sexual conduct was presented to the last grand jury, but never directly stated whether she
remembered it being presented to the second grand jury. However, the trial judge could logically
infer from the evidence that both grand juries would have been informed of this important, new
information which motivated Shipley to seek a new indictment. Similarly, the trial judge could
reasonably infer that the “other information” presented to the second and third grand juries
included information about the complainant’s psychiatric history. Shipley did not recall exactly
when this information became known to her or whether it had been presented to the first grand
jury, but the trial judge obviously inferred from the relevant nature of this information that it was
indeed part of the “other information” which had been presented to the second and third grand
juries in attempting to secure a new indictment. 
      Appellant’s second point is overruled because the trial court’s findings are supported by
legally and factually sufficient evidence.
      The Ellis County District Attorney complains in its third point of error that the trial court
erred in granting an expunction because the trial court’s first conclusion of law is incorrect as a
matter of law. Conclusions of law are reviewed on appeal for correctness and will “not be
reversed . . . unless erroneous as a matter of law.” Sammons v. Elder, 940 S.W.2d 276, 280
(Tex. App.—Waco 1997, writ filed); Koch Oil Co. v. Wilber, 895 S.W.2d 854, 862 (Tex.
App.—Beaumont 1995, writ denied). Conclusions of law cannot be attacked on grounds that there
is insufficient evidence to support the conclusion. Arthur M. Deck & Assocs. v. Crispin, 888
S.W.2d 56, 60 (Tex. App.—Houston [1st Dist.] 1994, writ denied); NCNB Texas Nat’l Bank v.
Anderson, 812 S.W.2d 441, 446 (Tex. App.—San Antonio 1991, no writ). If there is sufficient
evidence to support the trial court’s findings of fact, then the conclusion of law drawn from the
factual findings will be sustained so long as the findings support a judgment on a correct legal
theory. Truck Ins. Exchange v. Musick, 902 S.W.2d 68, 69 (Tex. App.—Fort Worth 1995, writ
denied); NCNB Texas Nat’l Bank, 812 S.W.2d at 446.
      The trial court’s first conclusion of law is:
An indictment charging Petitioner with commission of a felony was presented, it has been
dismissed and the Court finds that it was dismissed because the presentment had been
made because of mistake, false information, or other similar reason indicating absence
of probable cause at the time of the dismissal to believe the person committed the offense.

This conclusion is not erroneous as a matter of law. The trial court found that the district attorney
moved to dismiss the indictment against Stiles because a trial on these charges would result in an
acquittal. This factual finding supports the trial judge’s conclusion that there was an absence of
probable cause to believe Stiles committed the charged offense at the time the indictment was
dismissed. Appellant’s third point is overruled.
      The trial court’s order of expunction is affirmed.
                                                BOBBY L. CUMMINGS
                                                Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 6, 1997
Publish
[WITHDRAWN 10-8-97]